OMOHUNDRO *v.* SALINE COUNTY.

5-897                                289 S. W. 2d 185

Opinion delivered April 16, 1956.

Appellant Pro Se, for appellant.

*H. B. Means, W. R. Thrasher* and *Richard M. Hart,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellee, Saline County, condemned about 1.75 acres of land belonging to appellant for highway purposes along U. S. Highway 167 on a petition filed by the State Highway Department. Appellant's claim for $15,000.00 in damages was allowed by the Saline County Court in the sum of $102.54. On appeal to circuit court the jury fixed appellant's damages at $300.00 and she has appealed from a judgment based on this verdict.

Able and competent attorneys represented appellant in circuit court but she represents herself on this appeal. Appellee has very obligingly furnished us with a proper abstract of the record and statement of the issues involved, all of which is understandably lacking in the brief of appellant, who is not an attorney.

According to a stipulation and the proof adduced by appellee, the 1.75 acres were taken from the western edge of a 50-acre tract owned by appellant. The entire tract is low, unimproved wooded land that is traversed by creeks and subject to considerable overflow. An experienced real estate agent placed a value of $30.00 per acre on the entire tract and stated that the value of the remaining lands had not been diminished by the taking nor had such lands suffered any special damage thereby. A drainage engineer testified that a slight change in the channel of a creek resulting from the highway construction improved rather than injured the drainage of said lands. The lands were assessed for tax purposes at $3.00 per acre.

Appellant was the only witness in her own behalf. She testified that she paid $2,500.00 for the 50 acres about 35 years ago; that there was a knoll or high place where the lands were taken which constituted a prospective house site and without which the balance of the land was rendered worthless to her; and that there had been a total loss in value of the entire 50-acre tract of $300 per acre. She had cut some timber from the lands and ad-

mitted she had about the same amount of timber as when she first bought it. By agreement the jury was permitted to view the lands in question.

Appellant first contends the transcript lodged by her is inaccurate and does not contain a true record of the proceedings below. Upon the same contention being made in circuit court, a hearing was conducted pursuant to Ark. Stats. Sec. 27-2129.1. A record of this hearing fully supports the trial court's conclusion that there were no errors or deficiencies in the transcript of the proceedings. In this connection appellant also argues that six or seven acres of her land were actually taken instead of the 1.75 acres as stipulated by counsel of the parties at the trial. Even if this issue could be raised for the first time on appeal, there is nothing in the record to substantiate this assertion or to show that the stipulation as to the quantity of land taken was either inaccurate or improvidently entered into by the attorneys.

Proper objection was made to evidence offered by appellee as to the assessed valuation of the lands in question for tax purposes. This evidence was admissible under Ark. Stats. Sec. 76-521. While the statute is not controlling, the jury had a right to consider evidence of the assessed valuation along with all the other evidence in ascertaining the value of the lands taken. *Washington County* v. *Day,* 196 Ark. 147, 116 S. W. 2d 1051. The award of $300 damages made by the jury was several times the amount fixed by witnesses for appellee. Viewed in the light most favorable to appellee, as we must in determining its sufficiency, the evidence is substantial and sufficient to support the verdict. The judgment is accordingly affirmed.