Clarence HUITT, Et ux *v.* BRADLEY County

5-6051                                    486 S.W. 2d 21

Opinion delivered October 30, 1972

*Gibson Law Firm,* for appellants

*Ray Thornton,* Atty. Gen., by: *Henry Ginger,* Deputy, for appellee.

Lyle Brown, Justice. This is an eminent domain proceeding whereby Bradley County condemned 3.6 acres out of a tract of 67 acres. The purpose of the taking was to make possible the widening and straightening of State Highway 160 from Hermitage to Ingalls in Bradley County. The jury awarded appellants, landowners $800. Appellants contend (1) the court erred in admitting into evidence the assessed valuation of appellants' property made in 1958-59 because of its remoteness in time; (2) it was error to refuse to permit appellants to introduce an offer of compensation made by the county judge; and (3) it was error to admit the testimony on cross-examination of appellants' witness as to what he would pay for appellants' farm. We will discuss the points in that order.

Point 1. *The testimony as to assessed valuation.* The assessor testified that there was a reappraisal throughout the county in 1958 and 1959; that there has been no subsequent reappraisal; and that at the time of trial the assessed valuation as shown by his records was $2620. That valuation was the same as the 1958-59 appraisal. It was not improper to show the assessed valuation. *Arkansas State Highway Comm'n.* v. *Snowden,* 233 Ark. 565, 345 S.W. 2nd 917; *Omohundro* v. *Saline County,* 226 Ark. 253; 289 S.W. 2d 185. The question before us is actually whether the trial court abused his discretion in permitting the testimony. We think not. It is true considerable time elapsed between the reappraisal program and the time of trial. Yet the assessment due to the reappraisal was still being used and represented the assessed valuation for 1971. It should in fact have been helpful to the appellants to have the jury know that the 1971 assessment was based on the results of an appraisal program of previous years. It is common knowledge of informed jurors that the market value of lands generally has steadily increased in the last several years.

Point 2. *The offer of compensation made by the county judge.* The county judge was asked on cross-examination if he made an offer of settlement to appellants. The court sustained an objection to the testimony. The ruling was appropriate. *Arkansas State Highway Comm'n.* v. *Elliott,* 234 Ark. 619, 353 S.W. 2d 526 (1962).

Point 3. *The testimony of appellants' witness as to what he would pay for the land.* Witness for appellants, Norman Grider, testified that he was in the business of buying and selling timber and timber lands and gave his estimate of the value of growing timber in the new right-of-way. On cross-examination he conceded that he would be willing to pay as much for the farm after the taking as he would have paid before the taking. The ruling was not error. It was a question that was clearly permissible on cross-examination to test the credibility of the witness. He had testified on direct examination to damages of $1700 caused alone by the taking of the trees in the right-of-way. Appellee had a right to ask

if the taking of the trees would affect, in his opinion, the overall value of the property.

Affirmed.

HARRIS, C.J., dissents