## ARKANSAS STATE HIGHWAY COMMISSION
### *v.* BASIN DEVELOPMENT CORPORATION

78-36 571 S.W. 2d 578

Opinion delivered September 18, 1978
(Division II)
[Rehearing denied October 30, 1978.]

*Thomas B. Keys, Kenneth R. Brock,* and *James N. Dowell,* for appellant.

*Warner & Smith,* by: *J. H. Evans,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal of an

Arkansas State Highway Commission condemnation case from the Sebastian County Circuit Court.

The jury found the appellee landowner, Basin Development Corporation, was entitled to a total compensation of $128,520.00 as damages resulting from the appellant Highway Commission's taking of some 12.43 acres to be used for an interchange.

The land taken, which also included a fraction of an acre for a permanent construction easement, is located in the southern part of Fort Smith, Arkansas. The condemned tract is to be used to build an interchange between Interstate 540 and Jenny Lind Road. Jenny Lind Road runs through the eastern part of a 137 acre tract of land owned by the appellee.

The taking occurred in May of 1975, and there was no dispute that the affected part of the 137 acres consisted of 63.79 acres. This means that after the taking in fee there remains 51.36 acres in the affected tract. It was assumed by all of the witnesses testifying, specifically the appraisers used by the appellant and appellee, that there existed at the time of the taking a four lane highway through the property. Such was not the case. This was apparently done because the Highway Commission changed its plans, which were originally to build an on-grade crossing at this location and instead, for safety reasons and other reasons, decided to build an interchange with an overpass.

There is no doubt that the property in question is valuable, just how valuable being a disputed matter. The appraiser for the Highway Commission testified that the land was worth $3,750.00 an acre before the taking and the appraiser for the landowner testified that the land was worth $12,000.00 an acre before the taking. After testifying about comparable sales in the vicinity of this land, the possibilities of commercial development, and other considerations, the expert witness for the landowner testified that in his opinion the damages resulting to the landowner totaled $568,680.00. The expert witness for the Highway Commission testified that in his opinion the damages would total $55,000.00, $52,000.00 for the twelve acres and some $3,000.00 for the construction easement.

The appellant challenges the judgment of the lower court by alleging three errors: first, the court permitted the landowner's attorney during opening statement to exhibit to the jury a map of the city of Fort Smith which was marked indicating the location of twelve tracts of land in the vicinity of the land in question which would be used by the landowner's expert as comparable sales. These sales would be primarily the basis of the expert's opinion testimony of the market value of the land and the damages resulting from the taking; second, the appellant argues the trial court was in error in failing to admit evidence to the jury that the landowner had offered to sell the land to the Highway Commission before condemnation proceedings were commenced for a price of $62,000.00; and, finally, the appellant argues the verdict was excessive and without supporting substantial evidence. We find no error and affirm the judgment.

The first alleged error is that the appellee's attorney should not have been permitted to refer in his opening statement to a city map on which was marked the location of twelve different pieces of property; appellee's attorney stated that their expert witness would testify that the recent sales of these twelve tracts were comparable sales. The appellant made a timely objection and it was overruled. The appellant cites the case of *Arkansas State Highway Commission* v. *Roberts,* 246 Ark. 1216, 441 S.W. 2d 808 (1969) as authority for its position requiring reversal. In *Roberts* we reversed the judgment of the lower court and one of the reasons for reversal was that the landowners used in an opening statement aerial photographs of the land in question over which were plastic overlays showing the proposed location of the highway. We said that the overlays were readily separable from the photographs and should have been excluded; they had no possible relevance to the value of the land on the day of the taking. We found this was error which was presumed prejudicial because there was no evidence that it was not prejudicial. That is not the case here. Every one of the marked tracts on the map were later used as comparable sales by the expert witness testifying for the appellee. The map was later referred to by the expert witness. The appellant is unable to demonstrate that the ruling of the trial court was reversible error. *Keathley* v. *Yeats,* 232 Ark. 473, 338 S.W. 2d 335 (1960).

The second allegation of error is also without merit. During cross examination of the president of the appellee corporation, the attorney for the Highway Commission was able to ask if it was not true that the corporation had offered to sell the land for $62,000.00 to the Highway Commission before condemnation proceedings were commenced. The witness admitted it was true. However, during an in-chambers conference the court decided that the testimony was inadmissible and precluded the Highway Commission from further inquiry of this witness or other witnesses regarding the offer and ordered the testimony stricken. Apparently the appellee did make an offer or attempt to negotiate with the Highway Commission before the condemnation proceedings were, in fact, commenced. The record indicates that the condemnation proceedings were commenced twenty-two days after the so-called offer.

According to the appellant, the purpose of the evidence was to discredit the witness' testimony, who was willing to sell the land at one time for a considerably less amount of money than he was saying it was worth at the time of the trial. We have held before that such evidence is inadmissible. *Huitt* v. *Bradley County,* 253 Ark. 376, 486 S.W. 2d 21 (1972). The reason for such a rule is to encourage negotiation and settlement of such claims without prejudice to either parties' later right to fairly litigate their case. There is no doubt in this case that the so-called offer was not an offer made to a disinterested third party but was one made to an authority which was known to have the power to condemn and take the land regardless of an offer. In fact, the land was taken twenty-two days later.

Finally, the appellant argues that the verdict was excessive, arguing in detail three reasons: the appellant argues that the expert witness of the landowner had no basis for his opinion because the small tracts of land used by him as comparable sales were not, in fact, comparable; also, that the same expert witness failed to take into consideration the traffic count and to a great extent based his opinion on the fact that the property had been zoned commercial although it was not being used or developed as commercial property.

The size of the tracts of land or lots used by the appellee's expert witness ranged from lots and tracts of land of less than two acres to tracts consisting of twenty-five and fifty-two acres. These tracts were all within a mile or so of the land in question. We find on review that the use of the smaller tracts in this instance, as one element in arriving at an opinion regarding market value, was not error. *Arkansas Power & Light Company* v. *Haskins,* 258 Ark. 698, 528 S.W. 2d 407 (1975). Neither do we find error in the expert witness' reliance on the fact that the property had been zoned commercial but not developed. It was zoned before the taking and could obviously be developed for commercial purposes. The degree of development and value to be gained were matters of opinion. The argument of the appellant regarding the traffic count and the fact that the property was not developed is necessarily diminished when it is considered that all witnesses assumed that a four-lane highway ran through the property at the time of the taking, which, in fact, was not the case.

In summary, the appellant received a fair trial free of prejudicial error. The verdict is supported by substantial evidence and, consequently, we affirm the judgment of the trial court.

Affirmed.

We agree. FOGLEMAN, BYRD and HOWARD, JJ.