JUSTIN INDUSTRIES, INC., Relator,

v.

Honorable Clyde WHITESIDE, Judge, 97th District Court of Montague County, Texas, and Joe Justin, Individually, and Enid Justin, Individually and Trustee of Various Trusts, Respondents.

No. 18444.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 16, 1980.

Rehearing Denied Nov. 6, 1980.

Kelly, Appleman, Hart & Hallman and Dee J. Kelly, Fort Worth, for relator.

Charles Oldham, Wichita Falls, for respondent Joe Justin.

Kearby Peery, Wichita Falls, for respondent Enid Justin.

## OPINION ON WRIT OF PROHIBITION

SPURLOCK, Justice.

This is a cause of action in the nature of a writ of prohibition brought by Justin Industries, Inc., relator, against Honorable Clyde Whiteside, Judge of the 97th District Court of Montague County, Texas, and others, respondents.

Relator has perfected an appeal from the temporary injunction issued by the Montague county court requiring 153 shares of Nocona Boot Company stock to be deposited into the registry of the Montague county court. This appeal is carried on the docket of this court in CCA No. 18447. Relator has also perfected its appeal from a second temporary injunction issued by the Montague county court restraining the prosecution of the Tarrant county suit. The second appeal is carried on the docket of this court as CCA No. 18455. Our decision set forth below granting the petition for writ of prohibition disposes of both appeals and dissolves both temporary injunctions.

Enid Justin, president of Nocona Boot Company, discharged Joe Justin, an employee of that company, from his employment.

On July 10, 1980, Joe Justin brought suit in the 97th District Court of Montague County, hereinafter referred to as "Montague county", against Justin Industries, Inc., Enid Justin as trustee of the Enid Justin Contract Management Trust, John Justin, Jr., Nocona Boot Company, Inc., Helen Grow, Mavis Norton and Myrl Kerr, seeking a declaratory judgment. Joe Justin alleged he had an employment contract with Nocona Boot Company and wants an interpretation made of that contract. He

claimed he was employed until Enid Justin dies. He claimed that she had a trust agreement in which he was involved and had entered into a contractual will in which she had agreed to devise to him her 153 shares of stock in Nocona Boot Company. He also alleged the defendants are guilty of tortious interference with contractual and business relationships. He alleged Enid Justin violated her fiduciary position.

On August 20, 1980, Justin Industries, Inc., brought suit in the 141st District Court of Tarrant County, hereinafter referred to as the "Tarrant county" suit. This suit was brought against Enid Justin, individually and as trustee of various trusts, and Joe Justin, Helen Grow, Mavis Norton, Myrl Kerr, Melanie Chapman, Kimberly Rhue Chapman Le Blanc, Stewart Chapman, Bret Allan Taylor, Bruce Belmont Taylor, Bradley Paul Taylor and Marcia Rhea Taylor. In the Tarrant county suit plaintiff alleged that on or about July 10, 1980, Justin Industries and Enid Justin entered into a Call Option Agreement in which Enid Justin granted to plaintiff an Option to purchase 153 shares of the common stock of Nocona Boot Company. This Option could be exercised within one year and was further an agreement that plaintiff would negotiate with the management of the Nocona Boot Company, hereinafter referred to as "Nocona", to acquire the outstanding stock through an exchange and Enid Justin agreed that if such a merger was accomplished, she would exchange her Nocona stock and the stock she controlled.

It is alleged that she is attempting to repudiate the Option and plaintiff seeks a declaratory judgment and asks the court to declare the Option valid and enforceable. He also seeks termination of her trust agreement.

Plaintiff also requested that Enid Justin be restrained and enjoined from disposing of the stock, plus a block of 18 and 50 shares described therein and that she be required to deposit the stock in the registry of the court pending a trial.

After notice there was a hearing on the application for a temporary injunction. On September 2, 1980, the Tarrant county court granted the temporary injunction as prayed for and ordered Enid Justin to deposit the shares of stock described therein in the registry of the Tarrant county court on or before September 8, 1980.

Joe Justin, after the temporary injunction had been granted in Tarrant county, had his attorney file an amended petition in Montague county, sworn to on September 3, 1980, in which he prayed for the same relief as in his original petition and described the Call Option of July 10, 1980, and prayed for injunctive relief against John Justin, Jr., and Justin Industries, Inc. He described the Tarrant county suit and alleged that a temporary injunction had already been issued by the Tarrant county court ordering the stock be deposited by Enid Justin with the court in Fort Worth and attached a copy of the temporary injunction and order to his amended petition.

He further prayed that Enid Justin be required to deposit in the registry of the Montague county court the same stock the Tarrant county court had previously ordered her to deposit in the registry of the Tarrant county court. This is the first time there were any allegations in the Montague county suit of the additional 18 and 50 shares of stock.

On September 4, 1980, the Montague county court issued a temporary restraining order enjoining John Justin, Jr., and Justin Industries, Inc., from exercising any Option for the purchase of the 153 shares of stock in Nocona Boot Company or from selling such Option to anyone. Enid Justin was ordered to deliver the 153 shares of stock into the registry of the Montague county court by September 5, 1980. Enid Justin immediately deposited said stock in the registry of the Montague county court.

On September 12, 1980, the Montague county court issued an additional temporary restraining order in which it enjoined Justin Industries from prosecuting the Tarrant county case in any manner, including the filing of amended petitions, motions, motions for injunctive relief, motions for mandamus, motions to show cause, and any and

all acts of discovery, including written or oral interrogatories, which has now been merged into a temporary injunction and an appeal therefrom has been perfected to this court.

On September 12, 1980, the Montague county court issued a temporary injunction enjoining Justin Industries, Inc. and John Justin from exercising any Option to purchase the 153 shares of stock in Nocona Boot Company held by Enid Justin. It further recited that the jurisdiction of that court could be jeopardized by the removal of the 153 shares of stock from the registry of the court and ordered that the stock remain in the registry of said court.

During oral submission, attorneys for respondents stated that Joe Justin and his attorneys did not know of the Option Agreement at the time the suit was filed in Montague county.

By issuing a temporary restraining order and a temporary injunction requiring Enid Justin to deposit Nocona stock into the registry of the Montague county district court, the Montague court has effectively enjoined the enforcement of the temporary injunction of the Tarrant county district court, which previously had ordered the stock to be deposited into the registry of the court in Tarrant county.

■ This court, the court of civil appeals, has jurisdiction by reason of the effect of Tex.Const. art. V, sec. 6 (Supp.1980); Tex. Rev.Civ.Stat.Ann. art. 1823 (1964). Courts of civil appeals have jurisdiction to grant such writs as may be necessary to enforce and protect their jurisdiction over a pending appeal and preserve the subject matter of the appeal. *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973 (1931); *Houtchens v. Mercer*, 119 Tex. 244, 27 S.W.2d 795 (1930); *Lee v. Lee*, 355 S.W.2d 255 (Tex.Civ. App.–Houston 1962, mand. overr.); *River-drive Mall, Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2 (Tex.Civ.App.–San Antonio 1974, writ ref'd n. r. e.); *Dawson v. First National Bank of Troup*, 417 S.W.2d 652 (Tex.Civ.App.–Tyler 1967, no writ).

■ Relator has duly perfected appeals from the orders granting the temporary injunctions in the Montague county suit. This invoked the appellate jurisdiction of this appellate court. These appeals have been set for submission in this appellate court for December 18, 1980. The Montague county suit is set for trial on the merits on October 27, 1980. Thus, relator will be denied an opportunity to have the appellate court determine on appeal the temporary injunction which involves which court has exclusive subject matter jurisdiction over the Call Option Agreement. *Texas Employers' Ins. Ass'n v. Kirby*, 150 S.W.2d 123 (Tex.Civ.App.–Dallas 1941, no writ). That court held that the appellate court had the right and power to pass upon alleged errors involved in an order granting a temporary injunction. The appellate court had the right and power to issue necessary writs to preserve its jurisdiction while the temporary injunction was on appeal. In *Texas Employers' Ins. Ass'n v. Kirby*, 137 Tex. 106, 152 S.W.2d 1073 (1941), an original petition for the issuance of a writ of prohibition and an injunction against H. Fountain Kirby, Judge of the 77th District Court, was before that court involving the same controversy that was before the court of civil appeals in *Texas Employers' Ins. Ass'n v. Kirby, supra*. The supreme court stated that "In the interest of brevity, we refer to and adopt the statement contained in the opinion of the Court of Civil Appeals. 150 S.W.2d 123."

We also hold that this court has jurisdiction under the law announced in *National Debenture Corporation v. Adams*, 115 S.W.2d 757 (Tex.Civ.App.–Galveston 1938, no writ).

We hold that this appellate court has jurisdiction.

In *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1071 (1926), the supreme court announced the rule is well settled that, where two actions involving the same subject–matter are brought in different courts having coordinate jurisdiction, the court which first acquires jurisdiction, its power being adequate to administer full justice to

the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy. The court did not hold that a party may amend its pleadings to include a separate cause of action so as to deprive a second court of jurisdiction previously acquired on the same cause of action.

In *McCurdy v. Gage*, 123 Tex. 558, 69 S.W.2d 56 (Tex.Com.App.1934, opinion adopted at Tex.Com.App., 75 S.W.2d 1107 (1934)), the supreme court dealt with the same issues involved before us. A first suit was filed in Gregg county against McCurdy and others to cancel a mineral lease. A second suit was filed in a district court in Dallas county to determine the mineral ownership under the lease. The second suit sought to have a receiver appointed. A receiver was appointed, qualified and took possession of the property. Later McCurdy and several other defendants in the Gregg county suit filed an amended answer and cross action making all of the parties to the suit in Dallas county parties and praying for the appointment of a receiver and an injunction restraining the prosecution of the Dallas county suit. The Gregg county district court appointed the receiver and enjoined the prosecution of the Dallas county suit. The court then overruled a motion to vacate these orders and appeal was taken to the Texarkana court of civil appeals which held the motion to vacate should have been granted. A writ of error was granted by the supreme court.

█ The claim was made that after the amendment and cause of action in Gregg county the same subject matter was involved and since both courts were courts of coordinate jurisdiction, jurisdiction of the subject matter had been acquired by the Gregg county court to the exclusion of all other courts. The supreme court cited *Cleveland v. Ward, supra,* for the general rule. The supreme court held that when a court of competent jurisdiction has appointed a receiver of the property involved, then no other court of coordinate jurisdiction has power or authority to render any judgment which invades or disturbs the possession of the property while in the custody of the court which has taken it in possession.

The court further held that if the two suits "involve separate and distinct controversies, as reflected by the pleadings filed in the two courts at the time the suit was filed in Dallas county, the jurisdiction of the district court of Dallas county could not be taken away by subsequently filing in the district court of Gregg county, new pleadings raising a different cause of action from that contained in the pleadings filed prior to the filing of the suit in the district court of Dallas county." 69 S.W.2d at 60. The supreme court then dissolved the orders of the district court of Gregg county which had appointed a receiver and issued a writ of injunction. By analogy, it appears to this court that since relator in the Tarrant county suit first put in issue the Option Agreement and ordered the stock deposited in the registry of the court, only that court has any authority to render judgment with respect to the Nocona stock subject to the Option.

For additional authority to the effect that plaintiff in one case cannot amend his pleadings so as to add a cause of action that is already pending in a second court, see *National Debenture Corporation v. Adams,* 115 S.W.2d 757 (Tex.Civ.App.–Galveston 1938, no writ).

The Tarrant County district court was the first court to obtain control over the res, the 153 shares of stock.

In *Maverick County Water C. & I. Dist. v. City of Laredo,* 346 S.W.2d 886 (Tex.Civ. App.-San Antonio 1961, writ ref'd n. r. e.), the trial court entered its order taking judicial custody of that part of the Rio Grande River which was at issue between the defendant, the up–river diverters, and the sole plaintiff, the City of Laredo, who had filed suit to assure its municipal water supply. The court of civil appeals stated that the order of the trial court, ordering judicial custody be taken of that part of the water in issue, vested prior jurisdiction, *whether actual or potential,* over the defined portion of the river. That court stated: "We find an analogy in the cases of receivers. An

order appointing a receiver gives the appointing court jurisdiction and exclusive control over the property *even in the absence of actual possession of the property.*" (Emphasis added.) 346 S.W.2d at 890.

That court concluded that "[t]he court which first obtains actual or *potential jurisdiction* over the waters of a defined portion of a river may retain that jurisdiction without interference from courts of coordinate jurisdiction." 346 S.W.2d at 891, 892 (Emphasis added.) The same rule was applied in *McCurdy, supra.* It was also followed in *Gossett v. First–Trust Joint Stock Land Bank,* 138 S.W.2d 904 (Tex.Civ.App.–Dallas 1940, no writ), and *Scarborough v. Connell,* 84 S.W.2d 734 (Tex.Civ.App.–Eastland 1935, no writ).

*Employers' Reinsurance Corp. v. Fidelity Union C. Fire Ins. Co.,* 36 F.2d 813 (N.D. Tex.1929), is a suit concerning some bonds and a receiver was appointed. Suits were filed in both the state and federal courts. Then that court stated at 814: "[W]hen the action is in rem, it is well settled that that court which first takes possession or control, *actual or potential,* of the thing, will exercise its power to completion, and an action in another court of another sovereignty will be stayed until such time. This rule applies equally well, and is equally true whether the jurisdiction of a state court has first attached, or whether the jurisdiction of the federal court has first attached, and the jurisdiction so first attaching precludes a court of the same or the other sovereignty from exercising jurisdiction over the same thing." (Emphasis added.)

When one district court has acquired jurisdiction over the res, a district court of another county is without jurisdiction to restrain the proceedings of the court first acquiring jurisdiction. *Lord v. Clayton,* 163 Tex. 62, 352 S.W.2d 718 (1961); *Cleveland v. Ward, supra; Barrier v. Lowery,* 118 Tex. 227, 11 S.W.2d 298 (1928); *Millikin v. Jeffrey,* 117 Tex. 134, 299 S.W. 393 (1927).

The application for writ of prohibition is granted. The stock in question is ordered deposited in the registry of the Tarrant county court and further prosecution of the Montague county suit is prohibited until final disposition of the suit in Tarrant county.