Curtis HOWARD and Billy HOWARD
*v.* STATE of Arkansas

CR 84-7                                    674-S.W.2d 936

Supreme Court of Arkansas
Opinion delivered September 10, 1984

*James M. Simpson,* for appellant Curtis Howard.

*Cynthia L. Fearno,* for appellant Billy Howard.

*Steve Clark,* Att'y Gen., by: *Velda West Vanderbilt,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The two appellants, Curtis and Billy Howard, brothers, were charged with and convicted of aggravated robbery and theft of property. Curtis, as an habitual offender, was sentenced to consecutive terms of life and 30 years. Billy was sentenced to concurrent terms of 10 and 5 years. In separate briefs they argue that owing to various gaps in the State's proof it is insufficient to sustain the convictions. Viewing the evidence most favorably to the appellee, we find it amply sufficient. In narrating the events as the jury could have fairly believed them to have

occurred we will refer to the two brothers by name, though some of the witnesses could only describe Curtis Howard as a short black man and Billy Howard as a tall black man.

The robbery occurred early in the afternoon on February 4, 1983. The brothers first drove up to the Safeway store in Pine Bluff, in a black Mercury sedan owned by Curtis. After circling the store twice they parked, entered the store, came out, and drove away. They returned shortly and parked across the street. Curtis got out and went to the store, pulling on a ski mask. A witness who saw him before he was masked identified him later from a photograph.

In the store Curtis, armed with a pistol, held up the manager and his assistant. Curtis was wearing a plaid shirt, blue jeans, and shoes with white rubber soles. He took about $3,500, mostly in packages of $20 bills. Curtis was seen as he ran from the store with a gun in one hand and a sack in the other. He ran across the street and got in the car, where Billy was waiting. A witness who saw them pursued them in his car. He saw a ski mask being thrown from the car. He followed the fleeing vehicle for two miles and wrote down the license number, which, after the two men had been apprehended, was found to be that of Curtis's car.

An off-duty officer heard a police-radio broadcast describing the crime and the car. The officer, reasoning that the robbers might have fled on Highway 79, jumped into his own unmarked car and drove south on that highway at a speed of 85 m.p.h. or more. After 10.9 miles he overtook a car corresponding to the broadcast description, occupied by two men, and being driven at about 55 m.p.h. The officer radioed ahead for a road block and followed the car until it was halted at the road block.

The two men in the car were Curtis and Billy Howard. Curtis had evidently changed clothes, for the plaid shirt and blue jeans were in the back seat, but he was still wearing shoes with white rubber soles. Curtis said he had $500 in his pocket but a search showed the amount to be only $54. Billy had $400 in his pocket in folded $20 bills, and another $79. The officers saw two $20 bills sticking out of the bottom of a

car door. Curtis said that they had set out to buy a car and had put $1,000 in their car door because they were afraid they would be robbed in Pine Bluff. When the panel of the door was peeled back, the officers found $400 in $20 bills. There are other lesser incriminating circumstances we need not detail. Neither brother made a statement to the police or testified at the trial.

In questioning the sufficiency of the State's proof the appellants point out that the gun and most of the stolen money were never found and that there are minor discrepancies in the testimony for the prosecution. Granted, but there is nevertheless much substantial evidence of guilt. Curtis's explanation that he and his brother had started out with cash to buy a car cannot be squared with his not knowing even approximately how much money was in his pocket or in the car door. A defendant's false and improbable explanations of incriminating circumstances are admissible as proof of guilt. *Surridge* v. *State,* 279 Ark. 183, 650 S.W.2d 561 (1983). That the two brothers had $800 in bills of the same denomination as those taken is a further indication of guilt. The pistol and the rest of the money could easily have been disposed of had the two men stopped for a few seconds to hide those articles while their car was not being followed. The jury doubtless found it impossible to believe that Billy Howard could have been apprehended in the getaway car a few minutes after the robbery, some 15 miles away, with $400 in his pocket, and yet be innocent of any knowledge that his brother had just committed a planned robbery. There is an abundance of substantial evidence to support the jury's conclusion that both defendants were guilty participants in the crimes.

Affirmed.