## Geneva MAYER *v.* STATE of Arkansas

CR 84-104                                      685 S.W.2d 143

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*Maddox & Miller,* by: *David Maddox,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael F. Wheeler,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Geneva Mayer brings this appeal from a life sentence imposed upon a conviction of first degree murder of her eight month old daughter, Amy Gail Mayer. The child's frozen body was discovered in a remote, wooded area on December 14, 1982. Three assignments of error are raised. We affirm the judgment.

After the jury was seated, but before any witness was called to testify, the defense prospectively objected to the production of any evidence tending to prove the death of Amy Gail Mayer, on the ground that the information fails to allege her death. Appellant submits the information fails to mention murder or that death had been caused by the accused and, thus, the information charged only child abuse or abandonment.

Admittedly, the wording of the information fails to state that appellant caused the death of Amy Gail Mayer. A part of the information reads:

> The said accused on the 13th day of December, 1982, did unlawfully: with the premeditated and deliberated purpose of causing the death of her eight month old child, Amy Gail Mayer, abandon the said child with the purpose of causing the death of said child. Same being a class Y felony.

Even so, there was never any doubt that murder, and not child abuse or neglect, was the charge and that being so, the accused was not misled nor her defense impaired. It is enough if the information sufficiently informs the defendant of the charge or charges so that a defense can be prepared. *Beard* v. *State*, 269 Ark. 16, 598 S.W.2d 72 (1980). Here, it was the appellant who led officers to the lifeless body of her daughter soon after her disappearance. The information filed against her on December 17, 1982 refers to murder in the first degree at one point and to the death of Amy Gail Mayer at another. Moreover, at plea and arraignment on December 20, 1982, the appellant and defense counsel were told the charge was first degree murder. Several days later appellant filed a motion for discovery which mentioned the charge against her as being first degree murder. Clearly, there was no misconception by the defense as to the specific charge being brought. We find no error in the ruling of the trial court on this point.

Appellant next contends the trial court was biased against her and she was thereby denied a fair trial. The argument mingles references to procedural and evidentiary rulings by the trial court. One instruction cited is the denial of a motion to recuse based upon the fact that during a bail hearing, the trial judge asked whether other charges might be filed against the defendant. While we have examined each point, we see no reason to deal with this argument item by item. In some instances there was not even an objection, in others, the ruling addressed the sound discretion of the trial judge. Suffice it to say we find no basis to conclude that the trial judge showed prejudice against the appellant. His

inquiry about other charges was in connection with a hearing to determine whether a $25,000 bail was adequate, and was prompted no doubt because of news reports alluding to an investigation of an earlier fire in which two children of appellant died. We regard the inquiry by the trial court as to the possibility of other charges as entirely appropriate to the purpose of the hearing and it follows that no bias may be inferred from such a question.

The final point challenges the sufficiency of the evidence. The proof, while circumstantial, meets the test of substantiality. Evidence is said to be substantial if the jury could have reached its conclusion without having to resort to speculation or conjecture. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982); *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981).

Geneva Mayer maintained throughout the case that her daughter was kidnapped. She said she and the child were at home alone on the afternoon of December 12, 1982. In the late afternoon, she went to the back yard for firewood. Returning to the house with an arm load of wood, she was grabbed from behind, her arm pinned behind her back. Two men wrestled her into a bedroom, tied her hands and feet with telephone wire and left her on the bed. As they were leaving, she heard one of the men say, "Get the baby." Geneva Mayer managed to free her feet and reach a neighbor's house, her hands still tied behind her.

There was testimony pro and con concerning one's ability to tie his own hands behind his back, whether Mrs. Mayer demonstrated the degree of anguish expected in such cases, whether the arm load of wood showed evidence of being dropped or simply laid on the ground, and whether the amount of wood already in the house necessitated getting more wood.

Refuting Mrs. Mayer's assertions that she had not left home prior to the attack, the state produced testimony that a car closely resembling the Mayer vehicle was seen in the early afternoon on that day on a road leading to the area

where the infant was found. There was testimony from a hunter who saw a car of similar markings on a deadend road near where the child was found. The time was around 5:00 p.m. The driver was a woman.

The most telling evidence came from the appellant herself. Under her account of the kidnapping, she had no basis for knowing where her baby might be, yet she was able to lead officers to the exact, distant location, attributing this extraordinary perception to a dream or vision. We think it was for the jury to determine whether her knowledge was due to a divination of some kind, or to a more plausible explanation. We think the proof was sufficient. *Chaviers* v. *State*, 267 Ark. 7, 588 S.W.2d 434 (1979).

Finally, under A.R.Cr.P. Rule 36.24, and our Rule 11(f), we find the treatment of other objections of appellant's which were overruled, as well as rulings adverse to appellant, do not constitute reversible error.

The judgment is affirmed.