Lonnie OLIVER *v.* STATE of Arkansas

CR 85-72                                                    691 S.W.2d 842

Supreme Court of Arkansas
Opinion delivered June 10, 1985

*William R. Simpson, Jr.*, Public Defender, by: *Arthur L. Allen*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joyce Rayburn Greene*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Lonnie Oliver's conviction of burglary was affirmed by the Court of Appeals in a three-to-three decision. *Oliver* v. *State*, 14 Ark. App. 240, 687 S.W.2d 850 (1985).

On review we find the decision of the Court of Appeals should be reversed for two reasons. First, the trial judge failed, over a specific objection, to give the jury a copy of the instructions. This was an error for which we find no justification. A.R.Cr.P. Rule 33.3 clearly states it is the duty of the judge to deliver to the jury a typewritten copy of the oral instructions. This is to be done upon the request of either party or any juror. In *Parker* v. *State*, 270 Ark. 897, 606 S.W.2d 740 (1980), we reversed the trial court

for refusing to send all the instructions to the jury room, saying "we interpret Rule 33.3 to mean exactly what it says."

In finding no error the Court of Appeals gave four reasons which we find unconvincing. First, it found that the defense never actually requested the instructions be sent to the jury. We do not read the record that way. The decision to give the instructions to the jury did, apparently, originate with the trial judge, but when he changed his mind, the defense objected immediately. We find that that objection constituted the request necessary under A.R.Cr.P. Rule 33.3. Second, the defense asked that the penalty forms be removed and this was found to be a waiver of any error since that was an effort by the defense to emphasize some of the instructions over others. The record does not justify that conclusion. All of the parties, including the trial judge, were taking part in omitting parts of the instructions before the judge changed his mind about supplying them to the jury. Third, the Court of Appeals indicated that the trial judge had the right to keep the jury from seeing the copy of the instructions with his notes on it and that it was the duty of counsel to present the court with a clean set of instructions. The Court of Appeals' conclusion was based on the trial judge's statement that he would prefer to omit "some cursory notes I had made." Although it is the duty of counsel to present the court with instructions it wants given at trial, that rule has no application in this situation. The court did not indicate in any manner that if a clean copy was available it would be given to the jury. Finally, in a footnote, the Court of Appeals recognizes that a transcript note reflects that the jury asked for a copy of the instructions almost an hour after it had retired. The Court of Appeals decided that Rule 33.3 would not apply at that point since the rule provides that the instructions must be given to the jury prior to their retirement. Such a narrow reading would frustrate the rule's purpose. We find that the action by the trial court contravened A.R.Cr.P. Rule 33.3.

The other reason we find error, while not addressed by the Court of Appeals, is the refusal to fill in the offense or offenses that have to be used with AMI Criminal, 2002. That instruction form reads:

_____ is charged with the offense of burglary. To sustain this charge the State must prove the following things beyond a reasonable doubt:

  First: that _____ [entered] [or] [remained
                (defendant(s)) ·
unlawfully in _____
                (describe occupiable structure of another person):
and
  Second: That [he] [they] did so with the purpose of committing therein _____.
                (offense(s) punishable by imprisonment)

The defense argued that a specific offense or offenses must be inserted; however, the state maintained it did not have to specifically choose an offense. The trial judge agreed with the state and filled in the second part of the instruction: "an offense punishable by imprisonment."

The drafters of the model instructions contemplated that the offense or offenses intended would be inserted. In the section of the AMI Criminal entitled "How to Use This Book," it is noted: "Blanks are to be filled in as indicated, . . ." Furthermore, the "Note on Use" following AMI Criminal, 2002 indicates that the elements of the supplied offense should be given in certain instances. The offense intended is an element of the charge of burglary and some offense or offenses must be inserted in the blank in AMI Criminal, 2002. Otherwise, the jury would be at a loss regarding an essential element of the charge of burglary. Of course, the state is not limited to one offense but may elect to prosecute on the theory that the accused intended to commit more than one offense or any of several offenses, whatever the evidence justifies. See *Sumlin* v. *State*, 266 Ark. 709, 587 S.W.2d 571 (1979).

The issue of substantial evidence was properly addressed by the Court of Appeals and we agree with their decision. The argument concerning improper remarks made by the prosecuting attorney need not be addressed since it is unlikely that the remarks will occur upon retrial.

  Reversed and remanded.