Wayne DEAN *v.* STATE of Arkansas

CR 87-31                                              732 S.W.2d 855

Supreme Court of Arkansas
Opinion delivered July 20, 1987

*Attaway & Shumaker*, by: *Rick C. Shumaker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven III*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Wayne Dean, was convicted of the "sale" of a controlled substance. He contends on appeal that he was convicted of a crime that does not exist because "delivery" of a controlled substance is what is prohibited by statute. We affirm his conviction.

On July 1, 1986, Dean was charged with the sale of a controlled substance (amphetamine), in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1985). The information was amended to charge him with the sale of cocaine. The trial was held September 8, 1986, and at the close of the state's evidence, Dean moved for a directed verdict on the grounds that sale of a controlled substance is not a violation of § 82-2617. The trial court denied this motion. After the jury's verdict of guilty was returned, Dean filed a motion for new trial based on the same grounds. This motion was also denied.

On appeal, Dean argues it was error for the trial court to deny his motions for directed verdict and new trial. Dean also objects to a jury instruction and the verdict form; to the sufficiency of the evidence against him; and to the admission into evidence of what he contends was hearsay testimony by an undercover agent.

Section 82-2617 provides:

(a) Except as authorized by this Act it is unlawful for

any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

Arkansas Stat. Ann. § 82-2601 (Supp. 1985) defines "deliver" as follows:

(f) "Deliver" or "Delivery" means the actual, constructive or attempted transfer from one person to another of a controlled substance or counterfeit substance in exchange for money or anything of value, whether or not there is an agency relationship.

The information charged Dean with "sale" of a controlled substance in violation of § 82-2617. Likewise, the verdict form stated Dean was guilty of "sale" of a controlled substance, and the judgment and commitment form reflected that he had been convicted of "sale" of a controlled substance. In addition, at the arraignment, the trial judge explained to Dean that he was charged with the "sale" of a controlled substance and Dean stated that he understood the charges against him. During opening and closing arguments, however, the prosecutor referred to Dean's having "delivered" the drugs and the jury was instructed using the statutory language of "delivery."

In arguing that he was charged with a crime that does not exist, Dean relies on *Fant* v. *State*, 258 Ark. 1015, 530 S.W.2d 364 (1975). In that case, Doris Fant and James Gadd were charged with delivery of a controlled substance. They argued that the evidence did not support the verdict because their actions did not constitute the offense charged. Fant and Gadd argued the "procuring agent" defense, stating that delivery was made by them only as an agent for the purchaser or seller. This court rejected that argument explaining that the definition of "delivery" includes the actual delivery of a controlled substance in exchange for money, whether or not there is an agency relationship. We then stated: "The Arkansas statute does not prohibit sale. It prohibits 'delivery' as defined by the statute. . ." It is this latter language that Dean relies on in his argument that "selling" controlled substances is not a crime in Arkansas. We disagree.

In *Fant*, the appellants were arguing that, since they were merely the agents for the purchaser and the seller, they were not guilty of selling the controlled substance themselves. This

court rejected that argument, pointing out that the "sale" of the controlled substance is not the crime, the delivery is, as defined in the statute, and they had delivered the controlled substance. Here, the reverse argument is being made and it must fail for the same reasons. Dean is arguing that there was no proof he delivered the controlled substances and there is no prohibition in the statute against selling. As stated in *Fant*, what is prohibited by § 82-2617 is "delivery" which is the actual or constructive transfer of a controlled substance in exchange for money or anything of value. § 82-2601. A "sale" is defined in *Webster's Third New International Dictionary* as "a contract transferring the absolute or general ownership of property from one person . . . to another for a price." It is readily apparent that the definition of "sale" is included in the definition of "delivery" as both involve a transfer of an item in exchange for money. While the information should have stated "delivery," we fail to see how Dean could be prejudiced by the use of the different term. Our statement in *Fant*, that the Arkansas statute does not prohibit sale, was offered in a different context, but was nevertheless too broad, and obviously misleading.

■ Although the word "sale" was erroneously used, the information stated that Dean had violated § 82-2617, which is the correct statute. We have explained that it is enough if the information sufficiently informs the defendant of the charge or charges so that a defense can be prepared. *Mayer* v. *State*, 285 Ark. 73, 685 S.W.2d 143 (1985). In *Mayer*, the court found there was never any doubt what charge the appellant faced and so the accused was not misled or her defense impaired. The same can be said in this case. The information sufficiently informed Dean that he was charged with transferring a controlled substance in exchange for money. He was not misled by the information, nor was his defense impaired.

■ For the foregoing reasons, we hold that the information charging Dean was sufficient and affirm the trial court's denial of his motions for directed verdict and new trial. As Dean's arguments about the jury instruction and verdict form are based on the same premise, these points are also without merit.

■ Dean next challenges the sufficiency of the evidence to show that he delivered a controlled substance. This argument was

not raised by Dean before the trial court and accordingly we will not consider it on appeal. *Johnson* v. *State*, 290 Ark. 46, 716 S.W.2d 202 (1986).

Dean also contends that the trial court erroneously permitted an undercover agent to testify as to hearsay. The agent, Investigator Lambert, testified that he and another investigator were working in an undercover apartment when they received a telephone call from co-defendant, Tammy Stevens. Shortly after the call, Dean and Stevens came to the apartment. The investigators talked to Dean about buying some amphetamine or "crystal". Dean said he could get the drugs and then, after making a phone call in their presence, accepted $280 from the investigator. Dean and Stevens left to purchase the drugs. About two hours later, Stevens returned alone and delivered cocaine. Lambert testified during the trial as follows:

> Q: At the time that the narcotics was delivered to you, you didn't see Mr. Dean, is that right?
>
> A: That is correct.
>
> Q: Okay. Did you ascertain his whereabouts?
>
> A: Yes, sir.
>
> Q: And who from?
>
> A: Tammy Stevens.
>
> . . . .
>
> Q: And where was he at?
>
> A: She advised he was down in the car.

The state argues this statement was not hearsay, but rather was an admission by a party-opponent, defined by A.R.E. 801(d)(2)(v) as a statement offered against a party made by a co-conspirator during the course and in furtherance of the conspiracy.

We disagree with the state's argument. Stevens' statement was not an admission by a party-opponent. In *Spears, Cassell & Bumgarner* v. *State*, 280 Ark. 577, 660 S.W.2d 913 (1983) we discussed the admissibility of statements made by appellants Spears and Cassell. We explained that because neither

appellant implicated the other in these statements, they were each admissible as their own admissions. Here, the opposite is true. Stevens' statement that Dean was in the car was not her own admission of involvement, but rather was a statement implicating Dean in the delivery. Since it does not fit within this definition of statements which are not hearsay, and since it was offered to prove the truth of the matter asserted—that Dean was in the car—it was inadmissible. We do not reverse for this error, however, because it was not prejudicial to Dean in light of the other evidence against him. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984). As we recounted earlier, there was testimony from the investigators that Dean came to the undercover apartment with Stevens, agreed to sell drugs to the undercover agents, made a telephone call in their presence, accepted money for the drugs from the agents, and left with Stevens to procure the drugs, promising to return to the apartment with the controlled substances. The fact that only Stevens returned does not affect the sufficiency of the evidence to convict Dean. In *Foxworth* v. *State*, 263 Ark. 549, 566 S.W.2d 151 (1978), we found the following evidence sufficient:

> The State's proof was to the effect that on both the occasions that were involved an undercover agent of the police telephoned Foxworth and arranged for the purchase of heroin at a specified washateria. On the first occasion Foxworth and Janelle Hamilton drove up to the washateria together, and Ms. Hamilton made the actual sale. On the second occasion, only Ms. Hamilton came to the washateria and made the sale. It is immaterial that Foxworth did not take part in the actual sales, for the jury could readily infer that he and Ms. Hamilton were acting together.

Here, the jury could also readily infer that Dean and Stevens were acting together. All that is required is that the evidence tends in some degree to connect Dean with the delivery and rises above a mere suspicion of guilt. *Henderson* v. *State*, 255 Ark. 870, 503 S.W.2d 889 (1974). The evidence was sufficient to support Dean's conviction without the statement by Investigator Lambert.

Accordingly, Dean's conviction is affirmed.

Purtle and Newbern, JJ., dissent.

John I. Purtle, Justice, dissenting. The majority commits grave error by holding that the hearsay statement is harmless error. It is the only evidence which supports this conviction.

David Newbern, Justice, dissenting. The majority quotes a definition of "sale" as being a "contract" for transfer. It then quotes Ark. Stat. Ann. § 82-2601(f) to define "delivery" as actual, constructive, or attempted transfer. They are not the same, therefore, I dissent.