Carl David HAMM *v.* STATE of Arkansas

CR 89-108                                            782 S.W.2d 577

Supreme Court of Arkansas
Opinion delivered January 22, 1990
[Rehearing denied February 12, 1990.*]

*Hays, J., not participating.

*John Wesley Hall, Jr., P.C.,* by: *Craig Lambert,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. James Pace, a convicted felon on parole with a history of drug abuse, told his parole officer that he was once again using cocaine. He further stated that appellant, Carl Hamm, was supplying him with the cocaine, and the only way he could break his habit was to get appellant off the streets. Pace agreed to make a controlled purchase of cocaine from appellant. His body was searched, his clothes were searched, he was equipped with a body microphone, and he was given $1,500 in cash. His car was searched for drugs and money. Followed by the police, he drove his car to appellant's residence. Appellant and four (4) other people were in the house. Monitored electronically, Pace went into the house and purchased an ounce of cocaine for the $1,500. Pace was kept under observation until he returned to the police department where he handed the ounce of cocaine to the police. The appellant was charged with, and convicted of, delivery of cocaine and sentenced as an habitual offender to life imprisonment. We affirm the conviction.

Appellant first argues that the trial court erred in refusing to give the jury a written copy of the instructions. Our law is clear that, in a criminal case, upon request by counsel for any party, or by a juror, the trial judge must supply a written copy of the instructions to the jury. A.R.Cr.P. Rule 33.3 and *Oliver v. State,* 286 Ark. 198, 691 S.W.2d 842 (1985). Here, after oral instructions were completed, the appellant's counsel asked the question, "Would you give the instructions to the jury?" and the trial court responded, "If they ask for them." It is not clear that this question was a request that the written instructions be given to the jury, but even if it did constitute such a request, the trial judge did not clearly rule that he would not give the written instructions to the jury. If counsel's question constituted a request

that the written instructions be given to the jury, the judge's response should have caused him to pursue the matter. There was no clear ruling that the instructions would not be given to the jury upon the defendant's request. It is up to the movant to obtain a clear ruling in order to preserve an issue for appeal. *Dildine* v. *Clark Equipment Co.*, 285 Ark. 325, 686 S.W.2d 791 (1985).

The appellant next argues that the trial court abused its discretion in denying appellant's motion in limine to exclude the recording of the purchase of cocaine. As previously set out, Pace wore a body microphone into appellant's residence, and the transaction was monitored and recorded. The recording is inaudible for periods, apparently when Pace's clothing was rubbing against the body microphone, and it is not intelligible at other times because more than one person was talking, but it is understandable the remainder of the time. The conversation about the ounce of cocaine and counting out the $1,500 are understandable, as is a conversation about a pistol.

The general rule is that a recording such as the one at issue is admissible unless the inaudible portions are so substantial as to render the recording as a whole untrustworthy. *Harvey* v. *State*, 292 Ark. 267, 729 S.W.2d 406 (1987). Further, the introduction of recordings is a matter within the trial court's discretion, and the trial court's decision will not be reversed absent an abuse of that discretion. *Harvey* v. *State, supra.* Here, the main parts of the transaction can be understood, and the inaudible parts, or gaps, are not so substantial as to render the recording untrustworthy. The trial court did not abuse its discretion in admitting the recording.

Appellant additionally makes a number of arguments concerning evidentiary rulings. There is no merit in any of the arguments. In cross-examining Pace, the parolee who made the purchase, appellant asked several questions regarding whether Pace had previously falsely implicated someone in a crime. The questions went to Pace's character for truthfulness or untruthfulness. Pace denied any false swearing. Appellant's attorney then sought to introduce an opinion of this court which contains a reference to Pace falsely implicating someone else in another case. The trial court refused to admit the opinion into evidence. The ruling was correct. Impeachment related to character for

truthfulness or untruthfulness is limited to cross-examination of the witness. A.R.E. Rule 608(b) makes it clear that no extrinsic evidence of prior misconduct is admissible.

The appellant also complains that the trial court refused to allow him to question Pace about an earlier jail escape for which Pace was not convicted. An escape is not probative of truthfulness or untruthfulness, and thus, the inquiry was not admissible under A.R.E. Rule 608(b). Since there was no conviction, it could not come in under A.R.E. Rule 609.

Appellant further argues that the trial court's above-set-out rulings on his cross-examination of Pace violate appellant's Sixth Amendment right of confrontation. The short answer to the argument is since the rulings concerning cross-examination of Pace were correct, the appellant was not prohibited from engaging in appropriate cross-examination.

The appellant next contends that the trial court erred in refusing to allow him to ask Pace's parole officer on direct examination if he were aware that appellant had remained in jail since his arrest. Appellant contends the matter is relevant and argues that since Pace had admitted he purchased drugs during the period appellant was in jail, it meant that some other person sold those drugs to Pace. Pace had already testified that he knew others who were trafficking in drugs, and the fact that he obtained drugs from someone else subsequent to appellant's arrest is not relevant.

Appellant's final point of appeal involves a witness and the Fifth Amendment testimonial privilege. The witness had earlier told the prosecutor and appellant's attorney that he had never sold drugs to Pace. Even so, the appellant wanted to put the witness on the stand and ask him if he had ever sold drugs to Pace. Both parties had been told that the witness would take the Fifth Amendment in response. Such an occurrence would imply to the jury the witness had in fact sold drugs to Pace. The trial judge ruled that he would not allow appellant to flagrantly build his defense out of the use of the testimonial privilege. *See Foster* v. *State*, 285 Ark. 363, 687 S.W.2d 829 (1985). The appellant now argues the ruling violated his Sixth Amendment right of confrontation. Such an argument was not presented below, and we will not consider it for the first time on appeal. *Dean* v. *State*, 293 Ark.

75, 732 S.W.2d 855 (1987). Further, neither the prosecution nor the defense is permitted to call a witness knowing that the witness will claim his testimonial privilege. *See United States* v. *Crawford*, 707 F.2d 447 (10th Cir. 1983); *Kiefer* v. *State*, 297 Ark. 464, 762 S.W.2d 800 (1989).

Pursuant to Rule 11(f) of the Rules of the Supreme Court and the Court of Appeals, an examination has been made of all other rulings adverse to appellant, and none of them constitute prejudicial error.

Affirmed.

HICKMAN and TURNER, JJ., concur.

OTIS H. TURNER, Justice, concurring. I concur in the result but express my disagreement with that part of A.R.Cr.P. Rule 33.3 providing that upon request of *counsel*, a copy of the instructions shall be given to the jury. In my view, this is superfluous. The instructions have been read to the jury, and I see no useful purpose to be served by this requirement unless and until the *jury* so requests.

HICKMAN, J., joins this concurrence.