Barbara Jo STILL, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 90–1655.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1990.

Decided Sept. 24, 1990.

Marci Talbot Liles, Little Rock, Ark., for appellant.

Lynley Arnett, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Barbara Jo Still was convicted of first degree murder in an Arkansas state court and received a life sentence. She brings this appeal of the district court's [1] denial of her petition for habeas corpus, alleging ineffective assistance of counsel. Because Still was not prejudiced by her counsel's handling of the case, we affirm.

The facts are summarized by the Arkansas Supreme Court decision affirming Still's conviction. *Still v. State,* 294 Ark. 117, 740 S.W.2d 926 (1987). A brief restatement is helpful.

The victim, Floyd Gibson, was reported missing in March, 1986. Police suspected Still when they learned she had made large withdrawals from a bank account held jointly by her and Gibson. Still and Gibson also had been living together on and off for about two years. Police asked Still to come to the station for questioning, and Still complied. She informed investigators that Gibson had left their residence two months earlier and that she did not know where he was. Police did not inform Still of her *Miranda* rights during the interrogation.

Two weeks later, Still gave police a "farewell note" she claimed Gibson had left on her door. Still then hired an attorney, who advised her to make a second statement to the police. In this statement, made after proper *Miranda* warnings and in the presence of counsel, Still admitted making large withdrawals from the joint

account, and also admitted paying for a prefabricated structure that recently had been installed on her property.

Gibson's body was found buried beneath the prefab building in Still's yard on September 3, 1986. Still was arrested and charged with the murder of Gibson. On advice of counsel, Still made a third statement to police, this time claiming Gibson committed suicide. Still admitted burying Gibson on her property and arranging for installation of the prefab structure above the grave. She also admitted writing checks for substantial amounts from the joint account to pay her attorney, and for other expenses.

At trial, neighbors testified that Still kept a fire burning in the hole where Gibson's body was found during the time Gibson was missing. A dumptruck driver, hired by Still to fill the hole where the body was found, testified that Still refused to let him remove timbers from the hole. One neighbor admired a quilt that Still later used to wrap the body; when the neighbor asked where the quilt was, Still claimed it had been stolen. Others testified that Still explained away the odor coming from the hole, suggesting an animal died out in the woods. The Arkansas Supreme Court deemed this evidence of Still's unusual behavior, apparent financial motive, contradictory statements, and her admission that she secretly buried Gibson in her yard, sufficient evidence to support the conviction. 740 S.W.2d at 927–28.

Now seeking habeas relief, Still argues she was prejudiced by ineffective trial counsel. She submits that her counsel failed to move to suppress her first statement to the police, which she claims was the product of a custodial interrogation in violation of *Miranda.* She further alleges her counsel unreasonably advised her to make her second and third statements to the police, statements that were contradictory and were used to impeach her at trial. Finally, Still claims her counsel failed to make a motion in limine to sup-

press admission into evidence of checks totaling $57,300, written by Still from her joint account with the victim, payable to the attorney for the cost of her defense.

Claims of ineffective counsel brought in collateral attack of a conviction are governed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, petitioner must prove counsel's performance was "outside the wide range of professionally competent assistance," and that petitioner suffered "prejudice" as a result of the deficiency. *Id.* at 690–92, 104 S.Ct. at 2066–67. To constitute prejudice, petitioner must show "reasonable probability" that the result of the proceeding would have been different absent counsel's ineffectiveness. *Id.* at 694, 104 S.Ct. at 2068.

We need not determine whether counsel was deficient in this case if, assuming counsel was ineffective as alleged, no prejudice to Still resulted. *Id.* at 697, 104 S.Ct. at 2069. Counsel's failure to suppress Still's first statement to police was not prejudicial. The prosecution used this statement to impeach Still, but had the statement been suppressed the prosecution could have used her second statement, in which she maintained her story that Gibson had left town.[2] Two witnesses also testified that Still had given them the same explanation of Gibson's whereabouts [T. 82, 86–87].

Counsel believed Still's story that Gibson had left town, and believed that Still's cooperation with police would lead to locating Gibson and exculpating Still. He advised the second statement with that strategy in mind. Once the body was found, however, it became apparent that Still had lied to police and to counsel. Counsel's strategy then could have been to keep Still from making further statements, but in light of the strong circumstantial case, we cannot say counsel was ineffective in pursuing Still's explanation of how Gibson died.

■ Although blind acceptance of the defendant's story may be improper, counsel has a right to assume his client is telling the truth. Other counsel might have pursued a different strategy, but in assessing counsel's performance "courts must resist the temptation to second guess a lawyer's trial strategy." *Blackmon v. White*, 825 F.2d 1263, 1265 (8th Cir.1987). Advising Still to stand by her original story might have been more damaging than subjecting her to impeachment for contradiction. Still insisted she was innocent and needed to explain, in light of her prior statements, the presence of the body in her own front yard.

■ With regard to counsel allowing the jury to see checks written from Still to counsel, we conclude that suppression of the checks would not have had a "reasonable probability" of changing the outcome of the trial.[3] Assuming, without deciding, that counsel's actions were outside the range of professional competency, we can not say the deficiencies rise to the high standard of prejudice required by *Strickland*.

The judgment denying the petition for habeas corpus is affirmed.

---

**2.** Still does not challenge admissibility of the second statement, made with proper *Miranda* warnings and in the presence of counsel.

**3.** Assuming that counsel might have excluded the checks on the basis of attorney-client privilege, the prosecution had other evidence that would prove the same proposition. Still had been drawing $1000 per month interest on Gibson's certificate of deposit [T.194], and had made substantial withdrawals from the joint account payable to persons other than counsel [T.66–69]. The checks to counsel thus were cumulative evidence, and counsel's failure to move for exclusion was not prejudicial.