Richard G. BENNETT *v.* STATE of Arkansas

CR 91-170                                    825 S.W.2d 560

Supreme Court of Arkansas
Opinion delivered February 24, 1992

*Kerr & Hutchinson*, by: *W. Asa Hutchinson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is appellant's third appeal, and in each one, he was convicted of first degree murder and sentenced to life imprisonment for the drowning death of his wife. We

reversed and remanded the two prior convictions because of errors that occurred at the trial. *Bennett v. State*, 302 Ark. 179, 789 S.W.2d 436 (1990) (*Bennett II*); *Bennett v. State*, 297 Ark. 115, 759 S.W.2d 799 (1988) (*Bennett I*). In this appeal, the appellant raises six points for reversal. We find no merit in the appellant's arguments, and therefore affirm.

We first discuss the appellant's argument that there is insufficient evidence to support the jury's verdict. After the state presented its case and appellant's motion for directed verdict was denied, appellant also rested and properly preserved this issue for appeal by renewing his motion. A.R.Cr.P. Rule 36.21(b). As this court has stated numerous times, we treat directed verdict motions as challenges to the sufficiency of the evidence. *See, e.g., Glick v. State*, 275 Ark. 34, 627 S.W.2d 14 (1982).

The state's case against the appellant is built entirely upon circumstantial evidence based mainly on inconsistent statements made by the appellant to various authorities and inconsistencies between those statements and the physical evidence obtained by the officers investigating the drowning. Appellant told the police that his wife fell off the unfinished bridge near Morrison Bluff while they were fishing, and that he jumped into the water in an attempt to save her. Circumstantial evidence can be sufficient to sustain a conviction as it may constitute substantial evidence. *Still v. State*, 294 Ark. 117, 740 S.W.2d 926 (1987). However, in order for circumstantial evidence to be sufficient to support the finding of guilt in a criminal case, it must exclude every other reasonable hypothesis consistent with innocence. *Id.* Whether the evidence excludes every other reasonable hypothesis is for the fact finder to determine. *Id.*

The appellant has challenged the sufficiency of the evidence in both of his previous trials, and the evidence is particularly detailed in *Bennett I*. There, we set out the state's evidence bearing on appellant's guilt, but then mentioned "additional evidence" describing how the appellant's former girlfriend, Connie Mosier, testified that the appellant had previously commented to her the Morrison Bluff bridge would be a good place to kill someone. This third trial is the first where Mosier has not testified. Mosier testified in the second trial, *Bennett II*, as a rebuttal witness, but did not testify about the appellant's previous

statement about the bridge. Here, the state anticipated having Mosier testify again as a rebuttal witness, but the appellant rested at the end of the state's case.

In *Bennett II*, we refused to address the appellant's sufficiency of the evidence argument citing the doctrine of law of the case. The doctrine of law of the case prevents an issue raised and decided on first appeal from being raised in a subsequent appeal, unless the evidence materially differs between the appeals. *Findley* v. *State*, 307 Ark. 53, 818 S.W.2d 242 (1991); *Henderson* v. *State*, 284 Ark. 493, 684 S.W.2d 231 (1985). Again, we refuse to address the appellant's sufficiency of the evidence issue because of the law of the case doctrine. Except for Mosier's testimony, the evidence presented in the *Bennett II* and the present case was essentially the same evidence.

Relying again on the law of the case doctrine, we summarily dismiss two additional arguments by the appellant. First, the appellant argues that the trial court erred in allowing Sheriff Bill Kimbriel to testify as an expert witness. Kimbriel testified that it was not possible for the appellant, being over six feet tall, to jump from the bridge, a distance of twenty-five feet, into water four-to-five feet deep without breaking his legs and ankles from the impact. Appellant argued this identical point in *Bennett II*, and we held that the trial court did not abuse its discretion because the sheriff qualified as having considerable experience concerning the subject of his testimony. Kimbriel's testimony was essentially the same as his testimony in *Bennett II*, and therefore the law of the case doctrine applies. Next, the appellant argues that the trial court erred in allowing his deceased wife's daughter, Gloria Good, to testify about the appellant's behavior after his wife's death. Ms. Good presented similar testimony in *Bennett II*, and the appellant failed to raise this issue in his second appeal. The law of the case doctrine prevents considerations of arguments that not only were made but could have been made in a previous appeal. *Findley*, 307 Ark. 53, 818 S.W.2d 242.

Turning now to issues peculiar to the present appeal, the appellant argues that the trial court erred in denying his motion for a new trial on the basis of juror disqualification. Specifically, the appellant argues that juror Linda Brents was disqualified to act as a juror because she was not a resident of

Conway County at the time of the trial. Under Ark. Code Ann. § 16-31-102(a)(1) (1987), if a juror does not meet the qualifications set out in Ark. Code Ann. § 16-31-101 (1987), he or she is disqualified to act as a juror. One of these qualifications is that the registered voter must be a resident of the county in which he or she is summoned for jury service. Ms. Brents was a resident of Pope County, but was a registered voter in Conway County. As provided in Ark. Code Ann. § 16-31-107(1987), a disqualified juror does not always necessitate the voiding of a verdict. That statute reads as follows:

> No verdict or indictment shall be void or voidable because any juror shall fail to possess any of the qualifications required in this act unless a juror shall knowingly answer falsely any question on voir dire relating to his qualifications propounded by the court or counsel in any cause. A juror who shall knowingly fail to respond audibly or otherwise as is required by the circumstances to make his position known to the court or counsel in response to any question propounded by the court or counsel, the answer to which would reveal a disqualification on the part of the juror, shall be deemed to have answered falsely.

During a hearing on the appellant's motion for a new trial, Ms. Brents testified that she never made an attempt to conceal her residence during the trial. In fact, on the juror questionnaire, Ms. Brents correctly listed her address as Route 1, Box 343, Atkins, Arkansas, which is located in Pope County. She also stated in this questionnaire that she lived fifteen miles from the courthouse. During the court's voir dire, the prospective jurors were asked if they were qualified electors of Conway County. Ms. Brents testified that she thought the purpose of the trial judge's question was to determine if the prospective jurors were registered voters in Conway County; she did not know that she had to live in Conway County to be a juror for the trial.

As the court's voir dire continued, a prospective juror told the trial judge that she had moved to Pope County and was excused from the jury panel. When asked about this incident at the hearing on appellant's motion for new trial, Ms. Brents gave the following testimony:

Defense:

Q. Did you wonder whether or not you should have told him (trial judge) that you had moved to Pope County at that time?

A. Well, I did but I didn't know what to do since I was already picked, so I just sat there and kept my mouth shut . . . I didn't know it mattered. . . .

Cross-examination:

A. Okay, if you had known that you had to live in Conway County to be on the jury, would you have brought that up in court?

A. I would have said something, I wouldn't have sat out there like a dummy . . . .

Q. (D)id you realize that she was specifically being excused because she did not live in Conway County?

A. No. I just thought she was moving or something.

Q. She just didn't want to be on the jury?

A. Uh-huh.

While the state proposes several additional arguments for affirmance on this point, we believe that it is clear from Ms. Brents' testimony that the trial court could have reasonably determined that Brents did not knowingly answer falsely to any question on voir dire relating to her juror qualifications or conceal her residency in Pope County. Thus, the jury's verdict is not void or voidable under § 16-31-107, and the trial judge did not abuse his discretion in denying the appellant's motion for a new trial on this point. *Allen* v. *State*, 297 Ark. 155, 760 S.W.2d 69 (1988).

Appellant's next argument concerns his participation in the defense of his case. Apparently against the advice of his own court-appointed attorney, appellant actively participated in the opening statement and in cross-examining several witnesses. As the trial progressed, the appellant and his attorney were warned that only one person at a time could handle a part of the trial and that they could not "double-team" the prosecutor.

Appellant cross-examined Danny Sorey, an emergency medical technician for the ambulance that took the appellant to

the hospital on the night of his wife's drowning. During cross-examination, the appellant attempted to introduce into evidence certain documents and photographs obtained from his wallet in an attempt to show the items had been water damaged. The state objected to the introduction of these exhibits on the basis of lack of foundation and no chain of custody. Appellant's attorney then attempted to make an argument on the admissibility of the evidence, but the trial judge prevented the argument because the appellant had been conducting the cross-examination when the objection was made. However, the trial judge did allow the appellant to confer with his attorney before making his argument. The state's objection was sustained.

■ The appellant argues that the trial court erred in not allowing his attorney to argue the evidentiary point relying, apparently, on his sixth amendment right to counsel. Appellant correctly cites the law that in order to establish a defendant has voluntarily and intelligently waived his right to counsel, the trial judge must explain to the defendant the risks of proceeding *pro se* without the assistance of counsel. However, these cases are not applicable in the situation where the appellant chooses to participate in his defense *with* his appointed attorney, which is commonly known as "hybrid representation." In *Mosby* v. *State*, 249 Ark. 17, 457 S.W.2d 836 (1970), this court held that, in criminal prosecutions, a defendant who does not appear *pro se* has no absolute right to argue his case to the jury, and where he is represented by counsel, the matter lies within the sound discretion of the trial court in order that the court may maintain order, prevent unnecessary consumption of time, or other undue delay, and preserve the court's dignity and decorum. *See also Monts* v. *Lessenberry*, 305 Ark. 202, 806 S.W.2d 379 (1991).

In sum, the appellant was represented by counsel at his trial, but he chose to conduct parts of his trial himself. When the appellant and his attorney both attempted to conduct the trial and present arguments, the trial judge exercising his discretion only allowed the appellant to proceed. Even so, the appellant was given the right to confer with his attorney before making his argument. We further note that the appellant failed to proffer below, or argue on appeal, how his attorney would have argued the point differently. We see no sixth amendment violation on this point.

Finally, the appellant argues that the trial judge erred in limiting his cross-examination of Sheriff Kimbriel after his testimony that it would be impossible for the appellant to jump off the bridge unharmed. Precisely, the appellant attempted to ask Sheriff Kimbriel, the following question: "Then would you please tell me how an Olympic diver can come off a thirty-two foot board, feet first, and never hit the bottom at nine and half feet? They do it all the time in all the Olympic college meets." The state objected to the question, and the trial judge instructed the witness that he did not have to answer. But, as the testimony continued, Sheriff Kimbriel stated that there was "a lot of difference between diving and jumping." Kimbriel partially added that "he had never seen an Olympic diver jump off a . . . ." at which point appellant interrupted the witness saying, "that's okay, we won't go into that."

■ The trial judge has considerable discretion in determining the scope of cross-examination. *Wilson* v. *State*, 289 Ark. 141, 712 S.W.2d 654 (1986). We cannot say that the trial judge abused his discretion in instructing Kimbriel that he did not have to answer the question. Kimbriel was not qualified as an expert on Olympic diving. In addition, from our review of the testimony, we believe that the appellant in fact got an answer to his inquiry but apparently not the reply he was seeking. In fact, appellant voluntarily abandoned this subject altogether after the sheriff responded.

Under Ark. Sup. Ct. R. 11(f), the record has been reviewed concerning the rulings made against the defendant by the trial judge during the trial, and we find no error. For the reasons stated above, we affirm.