116

Lillian J. GAUTNEY, Florence McDONALD and
Mildred LUMPKIN *v.* Elsie Spargo RAPLEY

CA 80-519                                   617 S.W. 2d 377

Court of Appeals of Arkansas
Opinion delivered June 17, 1981

*John F. Gautney*, for appellants.

*Cox & MacPhee*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellants, collateral heirs of Lillian Goucher, deceased, appeal from an order of the Probate court of Garland County admitting to probate as decedent's last will a document executed by her on April 28, 1978. The appellee, Elsie Rapley, also a collateral heir of the testatrix, was named a principal beneficiary and executrix in the will. None of the other heirs at law of the testatrix were· favored in that will. The appellants, Lillian Gautney, Florence McDonald and Mildred Lumpkin, advanced six points of error. We find no merit in any of these points, and in this opinion will address them in the order in which they were presented in the briefs.

## THE FACTS

The will in question was executed by the testatrix on April 28, 1978, in the office of the drafting attorney. The attorney and one of his secretaries signed the will as attesting witnesses. They testified in this proceeding that they had not known the testatrix prior to the first of her two visits to their office, and could not now describe her. Both testified that she was alert and competent at that time, read the will and declaring it to be her will, signed it in their presence. Both testified that she came to their offices for the execution of the will unaccompanied. The drafting attorney testified that she was also unaccompanied on her first visit, at which time she outlined to him the provision she desired incorporated in the proposed will.

It was stipulated that the testatrix was mentally com-

petent to execute the will and was of sound mind on the date it was signed. There was testimony from other witnesses including the appellant, Lillian Gautney, that her sound mental condition continued up to the time of her death on December 22, 1980, and that she was a "smart," "knowledgeable," "decisive" and "opinionated" person. While stipulating to the mental capacity of the testatrix, the appellants question the validity of the will solely on the ground that it was executed while she was unduly influenced by the appellee, her principal beneficiary.

In support of the contention that appellee had unduly influenced the testamentary disposition of the testatrix, appellants relied entirely upon statements purportedly made by the testatrix prior to her death. The court excluded that evidence as incompetent to prove undue influence. In the proffer of proof made in the record, appellant Gautney stated that the testatrix had stated to her and to others "my will is not the way I want it, but it is the only way Elsie (Rapley) will have it." After the proffer of proof was concluded it was stipulated that the other two appellants, if called, would have made the same proffer. No direct or substantive evidence of undue influence was adduced.

At the conclusion of all of the testimony the trial judge ruled that there was no admissible evidence of undue influence on the part of the appellee that affected the testatrix's testamentary disposition. Appellants appeal from that ruling.

I.

The appellants first contend that the court erred in admitting the will to probate on the testimony of the two attesting witnesses inasmuch as they stated that they had not previously known the testatrix and could not now describe her. This, they contend, negates the "positive identification of the signer." The appellants cite no authority in support of that position and we have found none. In any event, it was not alleged or ever contended that the testatrix, Lillian Goucher, was not the person who signed the will in question. Appellants admitted in their motion that testatrix had

signed the will, and contested its validity solely on the grounds that when she signed it her testamentary disposition was so unduly influenced by appellee that it was not, in fact, her own will.

If it was being contended that the person who signed the will in the offices of the attorney was in fact an imposter, that fact could easily have been proved by any person familiar with her signature. The signature on the will appearing to be genuine and unquestioned, the testimony of the attorney and secretary as to the circumstances under which that signature was affixed to the will is sufficient to sustain the finding of the trial judge that the will was executed in the manner required by law. *Pennington* v. *Pennington*, 1 Ark. App. 311, 615 S.W. 2d 391 (1981).

Furthermore it is to be noted that this question was not raised in the court below by the pleadings or arguments of counsel. It cannot be considered for the first time on appeal. *McIlroy Bank & Trust Company* v. *Seven Day Builders of Arkansas*, 1 Ark. App. 121, 613 S.W. 2d 837 (1981); *Green* v. *Ferguson*, 263 Ark. 601, 567 S.W. 2d 89 (1978).

## II.

The appellants contend that the trial judge erred in excluding the appellants' testimony as to statements made by the deceased concerning her will. Those statements were: "My will isn't the way I want it, but it is the only way Elsie will have it." We find no merit in this contention.

The court, in excluding the evidence, correctly stated the law as follows:

Mr. Gautney, in view of the cases that have been cited here, the fact that the inquiry has been limited solely to undue influence and not to the question of testamentary capacity — admittedly *if we had testamentary capacity involved then those statements would be admissible, but when, as I read the cases, they are not admissible at all in a situation in which undue influence was the sole point.* (Emphasis supplied.)

It is well settled in this state that statements and declarations of the testator, whether made before or after the execution of a will, are not competent as direct or substantive evidence of undue influence, but where testamentary capacity is in issue may be admissible to show the mental condition of the testator at the time the will was executed. *Floyd* v. *Dillaha*, 221 Ark. 805, 256 S.W. 2d 48. Our case law and Rule 801(c), Arkansas Rules of Evidence, generally define hearsay as an extrajudicial statement, offered to prove the truth of the matter asserted in that statement. Such statements are not objectionable hearsay if not offered to prove the truth of the matter asserted but merely to show that the statement was made. When the condition of a testator's mind is placed in issue, declarations made by him may be received in evidence as external *manifestations of his mental condition* but not as evidence of the truth of those statements. On the other hand, where the declarations are offered to *prove the truth of a fact asserted*, such as having yielded to undue influence, the declaration, being offered to prove the truth of the matter asserted, is subject to the hearsay exclusionary rule. *Milton* v. *Jeffers*, 154 Ark. 516, 243 S.W. 60; *Kennedy* v. *Quinn*, 166 Ark. 509, 266 S.W. 462; *Mason* v. *Brown*, 122 Ark. 407, 183 S.W. 973; *Floyd* v. *Dillaha*, supra.

The mental condition of the testatrix was not in issue here, it having been stipulated that she was fully competent. The proffer was directed solely at the issue of undue influence. Such statements could only be offered to prove the truth of the matter asserted — that Elsie had exercised undue influence over her. The statement was clearly hearsay and properly excluded by the trial judge.

### III.

The appellants next argue that the trial judge erred in finding that there was insufficient evidence to establish an exercise of undue influence over the testatrix. We do not agree.

The argument is made that as appellee demurred to the evidence at the conclusion of the trial and the court's ruling was made immediately thereafter, the evidence must be

tested in accordance with rules applicable to such demurrers. The rule contended for is that the trial court has a duty to give the evidence in favor of the plaintiff its strongest probative value and to sustain the demurrer only if the party against whom dismissal is sought has failed to make a prima facie case. *Nowlin* v. *Spakes*, 250 Ark. 26, 463 S.W. 2d 650. While we conclude that the trial judge was ruling on the merits of the case at the time, we further conclude that his ruling was correct by either test.

The undue influence which invalidates a will requires a showing that the influence was of such a character as to destroy the testatrix's free agency, in effect substituting another's will in the place of her own, and must be directed toward the object of procuring a will in favor of a particular person or persons. *Kyle* v. *Pate*, 222 Ark. 4, 257 S.W. 2d 34. It is also required that the undue influence relied upon must be directly connected with the execution of the will. *Orr* v. *Love*, 225 Ark. 505, 283 S.W. 2d 667. Ordinarily the burden of proving undue influence is on the contestant. *Werbe* v. *Holt*, 218 Ark. 476, 237 S.W. 2d 478.

There was no evidence of any kind, apart from the proffered hearsay previously discussed, which would indicate any exercise of influence by the appellee over the testatrix. There was no evidence of the nature of their association, how frequently they might have seen each other, or of any action of the appellee which might indicate a dominant status. The record is completely silent as to their relationship and dealings with each other. The testimony further indicates that appellee did not accompany testatrix to the attorney's office for either the conference or execution of the will. Absent the proffered hearsay there is not a scintilla of evidence tending to show undue influence. The trial court's action in dismissing the petition contesting the will on grounds of undue influence was therefore proper, even if that ruling be treated as one sustaining a demurrer to the evidence.

IV.

The appellants next argue that the trial court erred in

receiving a pre-trial memorandum filed by the appellee several days prior to the date of the hearing without allowing appellants an opportunity to respond.

We see no error in the trial court's action in receiving such a memorandum. The document in question contains a clear, concise statement of the issues and resume of the testimony presented to the court by way of deposition. It points out to the court the appellee's objection to the reception of the expected proffered hearsay, and cites cases in support of her position.

The record reflects that before the testimony was taken, the appellee orally asked the court to rule on her motion that the expected hearsay statements of the testatrix be excluded, referring to the cases cited in the pre-trial memorandum. Appellants' attorney responded, outlining his position with regard to those statements and citing cases on which he relied, stating that he had expected the objection to come at the time the evidence was offered. The court overruled the motion to exclude the memorandum as not having been timely filed, indicating that at the time the evidence was offered, if he found it to be inadmissible he would afford appellants the right to make a proffer of proof. This was done.

We see nothing wrong in presenting to a trial court a pre-trial memorandum. In fact, in most cases it would be most helpful to the trial judge in his preparation and understanding of the case. While it would be better if both parties submitted such memoranda, we see no error flowing from acceptance of only appellee's memorandum where it was not shown to be misleading or incorrectly citing the law. The issues were correctly stated and the cases cited therein are the same as cited by this court, and correctly state the applicable law. The cases referred to by appellants' counsel in his opening statement are the same as those he relies on in his brief in this court. Nothing contained in the memorandum could have in any way improperly influenced the court or prejudiced appellants in any way. We find no merit to this contention.

## V.

The appellants finally contend that the trial court erred in taxing costs of the action against them. We find no merit to this contention.

Rule 54 (d), Rules of Civil Procedure [Ark. Stat. Ann. vol. 3A (Repl. 1979)], expressly provides that except when express provision therefor is either made in a statute or the rules, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Rule 1, Rules of Civil Procedure [Ark. Stat. Ann. vol. 3A (Repl. 1979)], expressly states that those rules govern the procedure in probate courts. Appellants refer us to no statute or rule which requires that a court direct the costs of an unsuccessful contest of a will be borne by the estate. We find no error in the court's action.

## VI.

Appellee urges in her brief that appellants' appeal be dismissed pursuant to Rule 9 (e), Rules of Civil Procedure [Ark. Stat. Ann. vol. 3A (Repl. 1979)], for failing to abstract those portions of the record containing the appellee's pretrial memorandum and the holdings of the court.

Rule 9 (e) (1), Rules of the Supreme Court and Court of Appeals, provides that if an appellee considers the appellant's abstract to be defective, he may, in his printed brief, call the deficiency to the court's attention and, at his option, may submit a supplemental abstract. When the case is considered on its merits the court may impose or withhold cost to compensate either party for the other party's noncompliance with this rule. It further provides that in seeking an award of costs under this paragraph, counsel must submit a statement by the printer showing the costs of the supplemental abstract and a certificate of the amount of time devoted in the preparation of it.

The appellee elected in her brief to cure the deficiency by abstracting the missing portions referred to. The cost of printing the missing portion of the abstract will be allowed

in the amount set forth in appellee's position. We do not feel that the deficiency is of such a substantial nature as to warrant allowance of attorney fees.

We affirm.