Andrew Lee DANIELS *v.* STATE of Arkansas

CR 82-49                              638 S.W.2d 676

Supreme Court of Arkansas
Opinion delivered September 13, 1982

*William R. Simpson, Jr.,* Public Defender, and *Sandra Berry,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was found guilty of first degree murder by a jury and sentenced by the trial court. The sole ground on appeal is that the court erred in refusing to allow appellant's sister to testify about matters which took place during the time the two were growing up.

We do not find any prejudicial error and affirm the trial court.

The appellant shot the victim with a handgun on September 7, 1980. Immediate death resulted. It was never argued by appellant that his hand did not hold the gun which fired the fatal shot into the body of the deceased.

In view of the fact that the only ground argued on appeal is the refusal of the trial court to allow the appellant's sister to testify about appellant's childhood, we will not set forth other facts presented during trial. Appellant's sister was a witness on his behalf and was asked to tell about what happened when she and her brother were growing up together. An objection by the state was sustained on the grounds that the homicide occurred in September 1980 and the information being elicited had occurred in the 1940s and 1950s. There was no proffer of what the witness's testimony would have been. Subsequently the appellant took the stand and testified about the matters which appellant's attorney was attempting to elicit from the sister at the time of the objection. The attorney for the appellant had described the details of appellant's childhood in the opening statement.

The only question to be determined by this court is whether the trial court committed reversible error in rejecting the testimony of appellant's sister, Essie Daniels, as it related to the growing up phase of appellant's life. We have many times held that the relevancy of evidence is a matter which lies within the sound discretion of the trial court and absent a showing of abuse of that discretion we will not disturb the ruling of the trial court. *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980); and *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980). There was no allegation on the part of the appellant that his defense was one of mental disease or defect. It appears that the defense wanted to show that by reason of his childhood environment he reacted without thinking in situations such as existed at the time of the homicide. We have never recognized such a condition, even if proven, to be a valid defense absent a finding of mental disease or defect.

It is necessary that the state prove its case beyond a reasonable doubt. *Campbell* v. *State,* 265 Ark. 77, 576 S.W.2d 938 (1979). The excluded testimony was not properly presented as mitigating evidence. *Killman* v. *State,* 274 Ark. 422, 625 S.W.2d 489 (1981). We would note the appellant's sister did testify in detail about events leading up to the shooting and matters which occurred soon thereafter. Her testimony was curtailed only as it related to the appellant's childhood.

Since the excluded testimony was not presented as a mitigating circumstance and was not relevant to the matter before the court, we cannot say that the trial court abused its discretion. Further, there was no proffer so that we could examine the content of what the witness's testimony would have been. Therefore, the judgment entered in the trial court must be affirmed.

Affirmed.