Thomas A. & Gerene L. DILDINE *v.*
CLARK EQUIPMENT CO., A Foreign Corp.,
TOWN & COUNTRY INTERNAT'L, INC. and
U.S. FIDELITY & GUARANTY CO.

84-283                              686 S.W.2d 791

Supreme Court of Arkansas
Opinion delivered April 1, 1985

*Larry J. Steele,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

JACK HOLT, JR., Chief Justice. This case presents questions concerning the use of expert testimony and photographic evidence in a products liability matter. Our jurisdiction is under Sup. Ct. R. 29(1)(m).

The appellant, Thomas Dildine, was injured while operating a front-end loader for his employer, Tenco, Inc., a feed and grain company. He and his wife filed suit for his injuries against the appellee, Clark Equipment Co., the manufacturer of the machinery, and against appellee, Town & Country International, Inc., the distributor. United States Fidelity & Guaranty Co., intervened for subrogation rights for worker's compensation benefits paid to the appellant.

The case was tried to a judge who granted both appellees' motions for directed verdicts. That decision was appealed to this court which affirmed as to Town & Country but reversed and remanded as to Clark. *Dildine v. Clark Equipment Co.,* 282 Ark. 130, 666 S.W.2d 692 (1984).

On remand, the case was tried to a jury which returned a verdict finding neither the appellant, Dildine, nor the appellee, Clark, guilty of negligence and that the product was not sold in a defective condition. It is from the jury's verdict that this appeal is brought.

The accident occurred in March, 1982, when Dildine was thrown from a front-end loader called a 632 Bobcat. According to Dildine, he had a load of feed in the bucket of the Bobcat and was driving toward the mixer with the bucket in a lowered position. As he approached the mixer, he began elevating the bucket and the Bobcat tipped forward, throwing him from the machine and causing him certain physical injuries. The evidence showed that his employer, Tenco, had modified the Bobcat by welding a metal piece to the bucket to permit a larger load and adding compensating weight to the rear of the machine. Conflicting testimony was presented as to the effects of this modification.

Dildine's initial allegation of error concerns the testimony of Dennis Combs, the appellee's witness. Dildine contends that the trial court erred in allowing Combs to testify as an expert witness in that Combs was not properly qualified. The following colloquy with Combs occurred in connection with this question:

Q. Now, did you have occasion to see this particular 632 Bobcat after it had had an extension welded on the bucket?

A. Yes, I have seen it.

Q. Was that at your suggestion?

A. No.

Q. Would you recommend that such a thing be done?

A. I would not recommend it, no, sir.

Q. Tell the jury just what we had there.

BY MR. STEELE: Your Honor, I'm going to object at this time. I don't think the proper foundation has been laid for Mr. Combs to testify as any kind of an expert witness.

BY MR. SMITH: *All right. Let's put it this way.* Did you see it in your shop when it had this extension? [emphasis added].

This exchange demonstrates that, although Dildine objected to Combs' testimony, he never obtained a ruling from the judge on the objection. The burden of obtaining a ruling is upon the movant, and the failure to secure one constitutes a waiver, precluding its consideration on appeal. *Collier* v. *Hot Springs S & L Ass'n,* 272 Ark. 162, 612 S.W.2d 730 (1981). Furthermore, in response to the objection, the mode of questioning was altered by the appellee's attorney. Dildine therefore has not demonstrated where the trial court erred. "It is the responsibility of the appellant to demonstrate error." *Bostic* v. *Bostic Estate,* 281 Ark. 167, 662 S.W.2d 815 (1984).

In reaching the substance of Dildine's allegation, however, we find that under the circumstances, Combs was qualified to testify either as an expert or a lay witness. Whether a witness may give expert testimony rests within the sound discretion of the trial court and will not be reversed by this court absent an abuse of discretion. *Dildine, supra.*

In the first appeal of this case, this court stated, "[o]bviously this case required expert testimony. There is no suggestion that the dynamics of this accident were explainable in lay terms." Uniform R. Evid. 702 provides that a witness qualified "by knowledge, skill, experience, training, or education" may testify in the form of opinion or otherwise. Combs was qualified under this rule in that he has worked for Town & Country for six years; has been service manager for the equipment, including Bobcats, for three years; performed the pre-delivery inspection on this Bobcat; shows rental customers how to operate a Bobcat; has driven, maintained and serviced this Bobcat; and has

operated all Bobcat models. He has the knowledge, skill, experience and training and was qualified to testify under Rule 702.

His testimony was also admissible as that of a lay witness. Uniform R. Evid. 701 provides that testimony by a lay witness in the form of opinions or inferences is permitted which is rationally based on the witness' perception and "[h]elpful to a clear understanding of his testimony or the determination of a fact in issue." Combs' testimony meets this test and was admissible.

Dildine's second objection to Combs' testimony goes to its relevance. Decisions about relevancy are within the discretion of the trial court, and he is not reversed unless that discretion is abused. *Daniels* v. *State*, 277 Ark. 23, 638 S.W.2d 676 (1982).

The appellant maintains that Combs was allowed to testify to irrelevant, prejudicial testimony while his expert witness, Dr. Albert Mink, was prohibited from testifying on similar subject matter. The testimony concerned the feed in the bucket when the accident occurred. Dildine testified that he did not remember what type of feed he was carrying. The pertinent testimony by the two witnesses was as follows:

*TESTIMONY OF DR. MINK:*

Q. . . . Did I provide you with a sample of the material that had supposedly been moved or transported at the time . . . the material that was being moved in the bucket?

BY MR. McNEILL: Your Honor, we're going to object to this question. I believe the plaintiff himself testified he didn't know what he was using or — There's been no testimony in the record as to what material was being loaded at the time. [objection sustained]

*TESTIMONY BY DENNIS COMBS:*

Q. At that time, did you go over and get a load in the bucket?

A. Yes.

Q. Was it a full load?

A. What we done, we loaded the bucket just to the capacity of the bucket, without using the extension. There was no material after the level of the extension and the bucket weighed 1,060 pounds. ·

BY MR. STEELE: Your Honor, I'm going to object. We don't know what type of material that was loaded. There's been no evidence of the kind of material that Mr. Dildine was carrying.

BY THE COURT: Mr. Steele, you will be given an opportunity to explore both of those items on cross-examination.

The appellant argues that the court allowed Combs to testify about an experiment he did concerning the accident but disallowed Mink's testimony about a similar experiment. This contention is without merit. Dr. Mink did testify about his experiment and gave his opinion on the Bobcat's defectiveness and the effect of Tenco's modification. He simply was not allowed to state that, in his experiment, he filled the bucket with the same kind of feed used by Dildine, since the type of feed was unknown. In Combs' testimony, no attempt was made to state what type of material filled the bucket, he merely said that the bucket was filled. The credibility of the two witnesses and the weight to be accorded their testimony is solely within the province of the jury. *Caldwell* v. *State,* 267 Ark. 1053, 594 S.W.2d 24 (1980). The trial judge did not abuse his discretion in allowing the testimony.

Dildine's final allegation of error is that the court erred in allowing two pictures into evidence, defendant's (appellee here) exhibits 6 and 7. Dildine argues that since the pictures were taken after the Bobcat was washed off they were not a true representation of the Bobcat as it looked when the accident occurred.

Exhibit 6 is a photograph of the warning sticker inside the cage of the Bobcat. It was admitted into evidence in conjunction with testimony that the sticker was in the cage on the day of the accident and has been in the Bobcat the whole time Tenco has owned it. Exhibit 7 is a picture of the inside of the Bobcat where the driver sits. It shows a manual and instructions hanging on a cable inside. There was testimony that the sticker and manual in the Bobcat had been cleaned up since the accident. "The law is settled that the introduction of photographs rests largely within the discretion of the trial judge." *Smith* v. *State,* 10 Ark. App. 390, 664 S.W.2d 505 (1984). In *Horne* v. *State,* 12 Ark. App. 301, 677 S.W.2d 856 (1984) the Court of Appeals upheld the admission of a shirt into evidence which had been washed since the crime was committed. The court said, "[t]he possibility that certain stains on the shirt had been washed away simply goes to the weight the jury was to accord the evidence." The same is true here. There was ample testimony to let the jury know that the Bobcat was much dirtier when the accident occurred than it was in these pictures. The pictures were not introduced as depicting the Bobcat at the time the accident occurred in any respect but to demonstrate the presence of the warning sticker, manual and instructions. The judge did not abuse his discretion.

Affirmed.