Glenda MILLER  *v.*  HOMETOWN PROPANE GAS, INC.

CA 02-1044                                    167 S.W.3d 172

Court of Appeals of Arkansas
Division IV
Opinion delivered May 12, 2004

*James R. Wallace & Associates*, by: *Kimberly C. Bosshart*, for appellant.

*Womack, Landis, Phelps, McNeil & McDaniel*, by: *David Landis, Mark A. Mayfield*, and *Dustin H. Jones*, for appellee.

SAM BIRD, Judge. Appellant Glenda Miller filed this action in Faulkner County Circuit Court against appellee Hometown Propane Gas, Inc., regarding personal injury and property damages caused by the September 29, 1999, explosion of Miller's home in Damascus, Arkansas. The home was heated primarily by propane gas. Miller's complaint alleged that Hometown's failure to properly provide propane gas service caused the explosion and resultant injuries to Miller; the destruction of the house and its contents, surrounding trees and foliage, household pets, and farm animals; and other property damage.

The case proceeded to a jury trial. Witnesses who testified included Doyle Durdin, the owner of Hometown at the time of the trial; Allan Looney, the employee who had filled the propane tank outside of Miller's home on the date the home exploded; and Miller. The jury returned its verdicts on interrogatories, finding Miller eighty percent at fault and Hometown twenty percent at fault, but awarding Miller $15,000 in damages. As a result of the jury's verdicts, the circuit court dismissed the complaint, ruling that neither party take anything by way of damages. Miller subsequently filed a motion for a new trial under Ark. R. Civ. P. 59, asking the court to return the case to the jury, objecting to entry of judgment, and moving for new trial. All requests were denied.

Miller raises four points on appeal. She contends that the trial court erred (1) by excluding evidence of a telephone message she left on appellee's answering machine, informing appellee that a pressure test needed to be done before her propane gas tank was filled, (2) in allowing appellee "to question a lay witness who assumed certain facts on which he based an opinion," (3) in allowing appellee to use a "questionable" demonstrative aid, and (4) by giving an improper jury instruction regarding the doctrine of "last clear chance." For the reasons explained in this opinion, we affirm.

## 1. Whether the trial court erred by excluding evidence of appellant's telephone message on appellee's answering machine

A pretrial hearing was held on Hometown's motion in limine requesting that Miller not be allowed to testify that she had left two telephone messages on Hometown's answering machine, in the first call saying that she was out of propane gas and that Hometown should conduct a pressure test when they filled her tank, and in the second call merely stating her name and that she needed propane. Both parties acknowledged that the employee who serviced the tank (Allan Looney) admitted that he went to Miller's house because he got "a message." Hometown argued that Miller's testimony about leaving the message could not be verified, that telephone messages "get recorded over," and that hearsay statements made by a declarant other than when testifying at trial are excluded under the rules of evidence. Miller argued that her statement was admissible as an exception to the hearsay rule as evidence of her motive and intent for calling and asking for services because she was out of gas. The court withheld its ruling.

At an in-camera hearing on the morning of trial, Hometown again raised the hearsay objection and argued that there was no way to determine whether Miller's first message had been received because Hometown did not deliver her propane until after the second message. Miller contended that although the messages were hearsay, they were admissible under the state-of-mind exception because they demonstrated her state of mind that she was out of propane gas. The trial court excluded the evidence as hearsay.

On appeal, Miller argues, as she did before· the trial court, that testimony regarding the content of her telephone messages should have been allowed as an exception to the hearsay rule, either to show her motive for having her tank filled or under the residual exception of Ark. R. Evid. 803(24); or that it should have been allowed under Ark. R. Evid. 1004, the best evidence rule, in that the original message was lost or destroyed.[1]

The evidence at issue here does not fall within an exception to the hearsay rule because the messages that Miller claims to have left on Hometown's answering machine are not hearsay. Arkansas Rule of Evidence 801(c) (2003) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Arkansas courts have held that certain statements are not hearsay when they are not offered to prove the truth of the matter asserted, but rather to show that the statements were made. *Gautney v. Rapley*, 2 Ark. App. 116, 617 S.W.2d 377 (1981). *See also Wal-Mart Stores, Inc. v. Dolph*, 308 Ark. 439, 825 S.W.2d 810 (1992). Miller argued at the in-camera hearing that her testimony about the telephone message she left was a pivotal issue because the person who had serviced her tank would testify that her propane tank was not empty, and that whether the propane tank was or was not empty was determinative of the procedures he should have taken to ascertain whether there was a leak in the tank and to prevent the explosion.

We affirm on this point because Miller's objection at trial that her messages were admissible as an exception to the

---

[1] Miller's arguments concerning the residual exception and the best evidence rule were not raised to the trial court. An argument that has not first been presented to the trial court for resolution will not be considered for the first time on appeal. *Hardy Constr. Co. v. Arkansas State Hwy. & Transp. Dep't*, 324 Ark. 496, 922 S.W.2d 705 (1996).

hearsay rule was incorrect. Miller's purported recorded messages, informing Hometown that she needed propane gas and that her propane tank would need pressurizing, were not hearsay because they were not offered for the purpose of proving either that Miller needed propane gas or that her propane tank needed pressurizing. Rather, the messages were offered and were admissible to prove that Hometown had notice of those facts. *Firestone Tire & Rubber Co. v. Little*, 276 Ark. 511, 639 S.W.2d 726 (1982). Miller erroneously conceded at trial that her testimony was hearsay and argued that her testimony was admissible under exceptions to the hearsay rule. It is clear to us, however, that appellant's testimony as to what she said in the messages she left on Hometown's telephone message recorder should have been admitted because the messages were not hearsay. However, Miller did not make this argument to the trial court.

The only argument preserved for appeal under this first point is whether Miller's telephone messages fell within the hearsay exception of Rule 803(3) as the declarant's then existing state of mind or motive. Rule 803(3) provides:

> A statement is excluded from the hearsay rule if it is a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition, such as intent, plan, motive, design, mental feeling, pain, and bodily health, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

■■ As discussed above, evidence of the messages that Miller left on Hometown's recorder was offered as attempted substantive proof of Hometown's knowledge that she was out of gas; it was not offered to express a current feeling, physical condition, or state of mind of the declarant. The admission of evidence is left to the sound discretion of the trial court; on appeal, the trial court's ruling will not be reversed absent a manifest abuse of discretion. *Metzgar v. Rodgers*, 83 Ark. App. 354, 128 S.W.3d 5 (2003). Here, we find no abuse of discretion in the trial court's ruling that the evidence was inadmissible under Rule 803(3).

2. *Whether the trial court erred in allowing appellee to question a lay witness who assumed certain facts on which he based an opinion*

Doyle Ray Durdin Jr. testified that he bought Hometown Propane on January 27, 2000; that he had not been affiliated with the business in September 1999; and that he had no firsthand knowledge about the explosion at Miller's home. Durdin also testified that Looney had told him that after noticing that the percentage gauge on Miller's tank was low, Looney stuck his thumb in the filler valve because he was concerned about the pressure and he tried to push the filler valve down to make sure that there was still gas in the system before he filled it. Durdin said that Looney told him that there had been no report of gas outages or other problems at the residence, and that Looney had offered to light the pilot lights.

Miller objected that no foundation had been laid when Durdin was asked to assume he was the one driving the truck on the day in question. Rephrasing the question, appellee asked, "Based upon your experience as a truck driver of propane and deliveryman back in '99, would you have done anything different than Mr. Looney?" Counsel renewed her objection, but the court allowed the testimony. Durdin then answered that, based on his experience as a truck driver of propane and deliveryman in 1999, he "would have done nothing different than Mr. Looney."

■■ Rule 702 of Ark. R. Evid. (2003) provides that if expert testimony will assist the jury in understanding a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. Whether to allow a witness to give expert testimony rests largely within the sound discretion of the trial court, and the court's determination will not be reversed absent an abuse of that discretion. *Swadley v. Krugler*, 67 Ark. App. 297, 999 S.W.2d 209 (1999).

The appellant in *Dildine v. Clark Equipment Co.*, 285 Ark. 325, 686 S.W.2d 791 (1985), who was injured while operating a front-end loader called a 632 Bobcat, contended that the trial court had erred in allowing an employee of the Bobcat distributor to testify as an expert. The supreme court disagreed, explaining:

Uniform R. Evid. 702 provides that a witness qualified "by knowledge, skill, experience, training, or education" may testify in

the form of opinion or otherwise. Combs was qualified under this rule in that he has worked for Town & Country for six years; has been service manager for the equipment, including Bobcats, for three years; performed the pre-delivery inspection on this Bobcat; shows rental customers how to operate a Bobcat; has driven, maintained and serviced this Bobcat; and has operated all Bobcat models. He has the knowledge, skill, experience and training and was qualified to testify under Rule 702.

*Dildine,* 285 Ark. at 328-29, 686 S.W.2d at 793.

█ Durdin, the owner of Hometown at the time of trial, had a background as an experienced propane deliveryman in 1999, the year of the propane explosion that led to the lawsuit. Clearly, the trial court could have determined from this evidence that Durdin was qualified to testify as an expert for the limited purpose of expressing his opinion that Looney followed normal procedures, as the witness understood them, in filling Miller's propane tank. We find no abuse of discretion in the trial court's admission of Durdin's opinion testimony that he "would have done nothing different than Mr. Looney."

### 3. *Whether the trial court erred in allowing appellee to use a questionable demonstrative aid*

In his opening statement to the jury, counsel for appellee "flicked" a Bic cigarette lighter on and off. Miller's objection to its use was overruled. On appeal Miller complains that although she would later testify that she had "checked her lines" with a lighter, there was no evidence offered concerning what type of lighter she used.

█ The trial court is granted wide discretion in determining whether to allow the use of a demonstrative aid, and the appellate court need not address an argument if an appellant fails to present convincing legal authority or argument that the use of a demonstrative aid was an abuse of discretion. *See Hamilton v. State,* 348 Ark. 532, 540, 74 S.W.3d 615, 619 (2002); *Berry v. St. Paul Fire and Marine Ins. Co.,* 328 Ark. 553, 563, 944 S.W.2d 838, 845 (1997). Furthermore, here Miller testified at trial that, "You know, I've been flicking my Bic for seven years in that house. If I hadn't had a leak under it, I could still be flicking my Bic in it. I flicked my Bic next to the floor." Considering the foregoing

testimony by Miller, we cannot see how she was prejudiced by appellee's counsel's "flicking" of a Bic lighter in his opening statement, and we find no abuse of discretion by the court in allowing counsel's use of the Bic lighter as a demonstrative aid.

4. *Whether the trial court erred by giving improper jury instructions regarding the affirmative defense of "last clear chance"*

The issue on this point centers around a modified form of Arkansas Model Jury Instruction 206, which was given over Miller's objection. The modified form reads as follows:

> Hometown Gas, Inc., contends that there was negligence on the part of Glenda Miller which was a proximate cause of her own injuries and damages *and that Glenda Miller had the last clear chance to avoid injury or damage.* Hometown Propane has the burden of proving this contention.

(Emphasis ours.)

Miller argued to the court that the instruction on last clear chance was inappropriate because there was no evidence of a foreseeable risk that she chose to ignore, and that the last-clear-chance doctrine was not applicable in the absence of a known peril that she chose to ignore, *i.e.*, a large pool of propane gas under the floor of her house.

Similar to making an incorrect objection to the court's hearsay ruling, Miller also made the wrong objection to the court's giving of the last-clear-chance instruction. Last clear chance, prior to the enactment of the comparative negligence statute, was a tool that a plaintiff could use against a defendant to avoid the harsh effect of Arkansas's pre-1955 contributory negligence statute under which any negligence on a plaintiff's part was a complete bar to the plaintiff's recovery. *See Comment* to AMI Civil 2d (1974) No. 617. Under last clear chance, a negligent plaintiff could still recover damages by proving that, notwithstanding such negligence, the defendant had the last clear chance to avoid the event that resulted in plaintiff's damages. To prevail, the plaintiff had to prove that the defendant knew of the risk that had

been created by plaintiff's contributory negligence and had, but failed to avail himself of, the last clear chance to avoid it.[2]

However, in the case at bar, the last–clear–chance instruction was offered by Hometown, the defendant, in an apparent, but misguided, attempt to avail itself of the defense of assumption of the risk, the counterpart of the doctrine of last clear chance. A proper objection to this instruction would have been that neither the doctrine of last clear chance nor assumption of the risk is the law of Arkansas, and that both doctrines have been subsumed by the adoption of the comparative negligence statutes in 1955 and 1957.[3] Instead, Miller's objection erroneously accepts the proposition that last clear chance is still the law in Arkansas, but argues that an instruction on the issue is not proper where it is not proved that she had knowledge of the peril caused by propane gas collecting beneath her house.

Miller did not make an appropriate objection to Hometown's misguided last-clear-chance "defense." Our Model Jury Instructions Committee has taken the position that the doctrine of last clear chance has been abrogated by comparative negligence. *See* H. Woods, *Comparative Fault* § 8.3 at 182 (2d ed. 1987); *Comment* to AMI Civil 2d (1974) No. 617 (stating that the instruction on the doctrine of discovered peril is purposely omitted); AMI Civil 3d (1989) No. 617 ("No instruction"). Miller's erroneous objection, that last clear chance is inapplicable because there was no foreseeable risk for her to ignore, does not suffice to reverse the giving of the last-clear-chance instruction, even

---

[2] Section 1 of Act 191 of 1955 reads: "In all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property, including those in which the defendant has had the last clear chance to avoid the injury, the contributory negligence of the person injured, or of the deceased, or of the owner of the property, or of the person having control over the property, shall not bar a recovery, but the damages awarded shall be diminished in proportion to the amount of negligence attributable to the injured person or to the deceased or to the owner of the property or to the person having control over the property."

[3] Act 191 of 1955 abolished the common law rule of contributory negligence whereby formerly a plaintiff's negligence in any degree would bar his recovery. D. Dobbs, *Acts of 1955 Arkansas General Assembly*, 9 Ark. L. Rev. 4 (1955). In *Chism v. Phelps*, 228 Ark. 936, 311 S.W.2d 297 (1958), the supreme court held that a plaintiff's right to recover substantial damages despite his own contributory negligence under Act 191 of 1955 was preserved rather than destroyed by Act 296 of 1957.

though the instruction was erroneous for a different reason. Furthermore, Miller made no argument that comparative negligence was applicable to the case, nor did she offer a comparative negligence instruction. Miller's objection merely presented the trial court with the alternative of giving or refusing to give the last-clear-chance instruction, depending upon which facts the court found to be supported by the evidence. The objection did not apprize the court that a last-clear-chance instruction was an erroneous statement of the law, regardless of what facts the evidence supported. A proper objection to a jury instruction must specify a correct ground and give the trial court an opportunity to instruct the jury properly. *Dickerson Constr. Co., Inc. v. Dozier*, 266 Ark. 345, 584 S.W.2d 36 (1979).

Affirmed.

PITTMAN, J., concurs.

ROBBINS, J., agrees.