
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-924

| | |
|---|---|
| SUE POFF<br><br>APPELLANT<br><br>V.<br><br><br>JAMES P. ELKINS, M.D., and JAMES P. ELKINS, P.A.<br>APPELLEES | **Opinion Delivered** November 19, 2014<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. CV-12-261]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

This appeal involves a medical-malpractice case. In January 2009, the appellant, Sue Poff, sought the services of the appellees, James P. Elkins, M.D., and James P. Elkins, P.A., for the treatment of sun-damaged skin on her face, neck, and chest. She claims that the appellees negligently performed a laser skin resurfacing procedure which resulted in third-degree burns to her skin. Her initial suit for compensatory and punitive damages was voluntarily dismissed pursuant to Arkansas Rule of Civil Procedure 41(a). She re-filed her cause of action in February 2012. A jury trial was held in March 2013. At the conclusion of the trial, the jury returned a verdict in favor of the appellees.

Sue Poff appeals the jury verdict. On appeal, she contends that the circuit court erred by: (1) refusing to allow her to conduct meaningful discovery, (2) preventing her from presenting evidence that appellees' surgery center did not have a license, (3) allowing the appellees to introduce evidence of her other cosmetic and elective surgeries, (4) refusing to

pre-admit exhibits and prohibiting the use of exhibits and demonstrative aids in opening statements, and (5) granting a directed verdict on her claim for punitive damages. Finding no error, we affirm.

## I. *Discovery*

When the appellant filed the present case, the parties stipulated that all previous discovery could be used in the current action. Yet, the appellant continued to conduct discovery. Eventually, the appellees filed a motion for limitation of discovery, and over the objections of the appellant, the circuit court entered an order restricting discovery to matters that had changed or developed since December 7, 2011—the day the first trial was non-suited. The appellant argued that this ruling prohibited her from conducting meaningful discovery (1) by restricting her ability to conduct further discovery regarding whether the appellees had or were required to have a license, (2) by restricting her ability to depose Dr. Elkins as an expert witness, and (3) by not requiring the appellees to supplement discovery. Our review of these issues is limited to whether the circuit court abused its discretion. *Grand Valley Ridge, LLC v. Metropolitan Nat'l Bank*, 2012 Ark. 121, at 11, 388 S.W.3d 24, 32.

The appellant first argues that the circuit court's ruling restricted her ability to conduct further discovery on the issue of the appellees' licensing status. She maintains that the court's ruling limited her right to a non-suit pursuant to Arkansas Rule of Civil Procedure 41(a) because it limited her discovery to that which was completed in the previous case. In support of this argument, she cites Arkansas Rule of Civil Procedure 36(b) which provides that "an admission made in a case is for the purpose of the pending action only." We

disagree with the appellant and do not find that the circuit court unduly limited her discovery. The parties stipulated to the use of discovery from the previous case. Moreover, an order limiting discovery was not entered until an additional eight interrogatories, requests for production, and requests for admission were made. We find that the circuit court did not abuse its discretion in limiting discovery.

Likewise, we easily dispose of the appellant's argument that the circuit court abused its discretion by not allowing the appellant to propound requests for admissions on the issue of the appellees' license. The circuit court ordered the appellees to answer these requests for admission, and the appellees answered them. This issue is moot.

Next, the appellant claims that when she deposed Dr. Elkins in the previously non-suited action, she did so only as a fact witness. As a result, she argues that the circuit court erred in not allowing her to take a second deposition of him on his expert testimony in the re-filed cause of action. We disagree. There were no court-imposed restrictions on the appellant when she took Dr. Elkins's deposition. Prior to the deposition, the appellees informed her that Dr. Elkins was expected to testify as an expert. During the deposition, Dr. Elkins was thoroughly questioned and no limitations were in place. If the appellant did not elicit answers to questions concerning his expert testimony, it was at her own choosing. Additionally, the appellant fails to demonstrate any prejudice to her. Her attorney only identified one question he wished to ask Dr. Elkins, and it pertained to the appellant's sedation level. The appellant had access to her medical records that contained this information at the time of the deposition. Additionally, Dr. Elkins did not offer any opinions



regarding sedation level at trial. The circuit court did not abuse its discretion in limiting the appellant to one deposition of Dr. Elkins, but even if it did, it amounted to harmless error.

Finally, the appellant argues that the appellees failed to adequately supplement Dr. Elkins's expected expert testimony, and she filed a motion to compel on this issue. The appellees argued in their response that they had supplemented the interrogatory and that the appellant was using this as a means to try to obtain discovery on the issue of sedation which had been previously restricted by the court. The circuit court denied the motion to compel. The circuit court did not abuse its discretion in denying this request for supplementation. It had previously ruled that the appellant could not conduct additional discovery on the issue of sedation. This came after lengthy discovery conducted by the appellant. The goal of discovery is to permit a litigant to obtain whatever information he or she may need to prepare adequately for issues that may develop without imposing an onerous burden on his adversary. *Id*. at 12, 388 S.W.3d at 32. The trial court has a duty in lengthy and complex cases, where the possibility of abuse is present, to protect parties and witnesses from annoyance, excessive expense, and harassment. *Rush v. Wallace*, 23 Ark. App. 61, 66, 742 S.W.2d 952, 954 (1988). Because the trial court has a duty to protect parties from annoyance, excessive expense, and harassment, and because the appellant had ample opportunities to adequately prepare for trial and obtain this information, we find no abuse of discretion.

## II. *Evidence of the Licensure*

Throughout the course of this proceeding, the parties engaged in an evidentiary

dispute over the issue of whether the appellees' surgical center was required to operate under a license from the Arkansas Department of Health. Both parties agree that the appellee surgical center did not operate under a license. The appellant contends that the Arkansas Department of Health required the appellee center to be licensed due to the sedation levels used during the procedure performed on the appellant. The appellant further contends that Dr. Elkins was under a restriction by the Arkansas Medical Board to perform procedures only within a licensed facility, and that, since the appellees' center was not a licensed facility, Dr. Elkins's performance of this procedure upon the appellant was in violation of this restriction from the Medical Board. The appellees contend that no restriction existed from the Arkansas Medical Board and that the surgical center was not required to be licensed by the Arkansas Department of Health.

The appellees filed a motion in limine to exclude any evidence on the issue of its licensure and sanction. The appellant responded that the evidence was necessary and relevant to show that she did not give her informed consent for the procedure. However, the circuit court granted the appellees' motion in limine and excluded the evidence.

Trial courts are accorded wide discretion in evidentiary rulings, and those rulings should not be reversed absent a manifest abuse of discretion. *Jackson v. Buchman*, 338 Ark. 467, 996 S.W.2d 30 (1999) (citing *Arthur v. Zearley*, 337 Ark. 125, 992 S.W.2d 67 (1999)). Nor should a trial court's ruling on evidentiary matters be reversed absent a showing of prejudice. *Id.*

On the issue of a purported sanction by the Arkansas Medical Board, the evidence was

SLIP OPINION

in dispute. The appellant intended to produce evidence that Dr. Elkins had been sanctioned by the Arkansas Medical Board in 2005 and that the sanction required him to perform all procedures in a hospital or surgery center licensed by the Arkansas Health Department. The appellees did not dispute these facts but assert that the restriction was lifted in 2006 when the Arkansas Medical Board released Dr. Elkins from any further monitoring. The trial court reviewed the orders and determined that the restriction ended in 2006. We do not find this to be a manifest abuse of discretion.

The issue of necessity of licensure and the level of sedation is also in dispute. The appellant argues that the level of sedation used required that the procedure be performed in a licensed facility and that had she known that the appellees' surgical center was not licensed, she would not have consented to the procedure. A material issue on the question of proximate cause in medical–negligence cases involving informed consent is whether the injured party would have undergone the surgery or procedure if she had known of the risk involved. *Aronson v. Harriman*, 321 Ark. 359, 901 S.W.2d 832 (1995). However, whether the appellant's level of sedation required that her procedure be performed in a licensed clinic is disputed, and the appellant offered no evidence that a license was required. Admittedly, her expert Dr. Kris Shewmake opined that, "If Dr. Elkins's surgery center was not licensed and if there were a requirement for such licensing, I am of the opinion that knowledge of such information would have a bearing on whether or not the average patient would consent to have surgery by Dr. Elkins." While this opinion may have some relevance on the issue of informed consent, it does not answer the question of whether the appellees were required



to have a license.

A trial court may exclude relevant evidence under Arkansas Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice. The issue of licensing was a peripheral issue that was also complex and could have caused jury confusion. Weighing the probative value of this evidence against the prejudicial effect of it, we conclude that the circuit court did not abuse its discretion in excluding the evidence regarding whether Dr. Elkins had a license to conduct surgery.

### III. *Evidence of Poff's Other Cosmetic and Elective Procedures*

Prior to the trial, the appellant petitioned the circuit court through a motion in limine to exclude any evidence of her prior cosmetic and elective procedures. The court denied the motion finding that the evidence was relevant to the issue of informed consent. During direct examination of the appellant, her attorney inquired about her previous cosmetic and elective procedures. The appellant now challenges the court's denial of her motion in limine.

The appellant is barred from arguing that this ruling was in error. When a party opens the door to a line of questioning, the opposing party may introduce testimony on that issue. *Pursley v. Price*, 283 Ark. 33, 34, 670 S.W.2d 448, 449 (1984). The appellant argues that the circuit court's ruling on the motion in limine forced her to introduce this evidence on direct examination. This argument is not persuasive. A trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory, tentative, or preliminary in nature. *ConAgra v. Strother*, 68 Ark. App. 120, 126, 5 S.W.3d 69,

SLIP OPINION

73 (1999). As such, it is subject to reconsideration and change by the court during the course of the trial, as the evidence in the trial is fully developed. *Id*.

## IV. *Pre-Admitting Exhibits and Opening Statements*

The appellant argues that the circuit court erred by refusing to pre-admit exhibits that had been admitted in the previous case and disallowing the use of exhibits and demonstrative aids during opening statements. Our review of these issues is limited to whether there has been a manifest abuse of discretion. *Chapman v. Ford Motor Co.*, 368 Ark. 328, 245 S.W.3d 123 (2006).

First, we consider whether the circuit court abused its discretion by refusing to pre-admit exhibits. This was a contentious case with many discovery disputes. The appellees objected to the pre-admission of exhibits, and it was within the circuit court's discretion to require that exhibits be admitted during the course of the trial. Furthermore, no prejudice resulted from this ruling as the jury had all admissible evidence at its disposal at the close of the case. We find no error in the circuit court's refusal to pre-admit exhibits.

The appellant also requested that the circuit court allow the use of exhibits during her opening statement. Arkansas courts may allow the use of exhibits in opening statements if they are admitted during the trial. *Ark. State Highway Comm'n v. Basin Dev. Corp.*, 264 Ark. 253, 571 S.W.2d 578 (1978). However, a reference to inadmissible evidence during an opening statement is grounds for reversal. *Clark v. State*, 256 Ark. 658, 509 S.W.2d 812 (1974). The appellant argues that because it is within a circuit court's discretion to allow exhibits in opening statements if they are later admitted in the trial, it is error to disallow

exhibits in opening statements when they are later admitted during the trial. This is not a correct recitation of the law. The circuit court did not abuse its discretion because the ruling served to ensure that no inadmissible evidence was produced in opening statements. Furthermore, the appellant is again unable to demonstrate that any prejudice resulted because the exhibits were ultimately introduced into evidence for the jury's consideration.

We apply the same analysis when deciding whether it was error for the circuit court to deny the request to use demonstrative aids in opening statements. A trial court has wide discretion in determining whether to allow the use of demonstrative aids in opening statements. *Miller v. Hometown Propane Gas, Inc.*, 86 Ark. App. 189, 167 S.W.3d 172 (2004). The circuit court did not abuse its discretion by disallowing demonstrative aids in opening statements, and the appellant can point to no prejudice that resulted from the exclusion of demonstrative aids in her opening statement.

## V. *Punitive Damages*

By stipulation of the parties and pursuant to Arkansas Code Annotated section 16-55-211(Repl. 2005), the circuit court bifurcated the trial of compensatory and punitive damages. Following the close of the appellant's case-in-chief, the circuit court granted a directed verdict on her punitive damages claim sua sponte. The appellant contends that this ruling constituted error. We disagree. Because the trial was bifurcated, the appellant was not entitled to present evidence to support an award of punitive damages until the jury returned a verdict on liability. Punitive damages are dependent upon the recovery of compensatory damages, as an award of actual damages is a predicate for the recovery of punitive damages. *Bayer CropScience LP v.*



*Schafer*, 2011 Ark. 518, 385 S.W.3d 822. Because the jury ultimately returned a verdict for the appellees on the issue of liability, this issue is moot.

Affirmed.

HIXSON and BROWN, JJ., agree.

*James E. Keever* and *Ken Swindle*, for appellant.

*Lisle Rutledge P.A.*, by: *Stephen Lisle*, for appellees.